PITCAIRN v. PHILIP HISS CO.

(Circuit Court of Appeals, Third Circuit. February 5, 1902.)

No. 43.

1. APPEAL—ADMISSIONS—EVIDENCE.

Plaintiff's request to charge that the jury should not disallow all his bill because there are defects in the woodwork, but should deduct from that bill on this account what it would cost, under the evidence, to put the woodwork in as good condition as it should have been under the

contract, having been affirmed, is sufficient basis for the statement of the court in its charge that plaintiff admits there are defects in the woodwork, and has given evidence that they could be remedied at a cost of not over $500, so as to make it an admission.

**2. SAME.**

A party, by adopting and making part of its brief on appeal the statement of the court, in its opinion refusing new trial, wherein it was alleged that the evidence showed the woodwork could be put in condition for $500, admits there was evidence of defects.

**3. ENTIRE CONTRACT.**

A contract to decorate walls of room, do the woodwork therein, and furnish it for $5,200 is an entire contract.

**4. CONTRACTS—SUBSTANTIAL PERFORMANCES—QUESTION FOR JURY.**

Whether there has been a substantial performance of a contract to decorate walls of a room, do the woodwork therein, and furnish it for $5,200, so as to allow recovery thereon, is a question for the jury; there being evidence of defects in the woodwork which it would take $500 to remedy.

**5. SAME—INSTRUCTION.**

Instruction to jury, in action on entire contract for decorating room, doing woodwork, and furnishing it, that the defective woodwork would not preclude a recovery, if the contract was "otherwise" substantially performed, takes from the jury the question of substantial performance of the entire contract.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Wm. W. Smith, for plaintiff in error.

Wm. M. Hall, Jr., for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and KIRKPATRICK, District Judge

GRAY, Circuit Judge. In this case the defendant in error, which was the plaintiff below, sued for a balance claimed to be due under five written contracts for decorating, furnishing, and refitting the dwelling house of plaintiff in error, who was the defendant below, and also for the value of some extra work and articles not included in the written contracts. These contracts were in the form of letters written by plaintiff below, promising to do certain work and furnish certain articles at a price stated therein, to each of which there is a written acceptance by the defendant below. Three of the letters are dated January 28, 1899, another dated July 14, 1899, and another without date, but accepted September 14, 1899. The offer in each of the letters covered different rooms in the house, or different articles of furniture, and in some cases the offer in each letter was divided into separate groups, stating an amount for which the material and work in each group would be furnished. In the contract with which we are here concerned, the letter accepted September 14, 1899, after making separate estimates for the office, library, billiard room, and son's room, contained the following:

"Daughter's Room. Walls and ceiling redecorated, woodwork and mantel (shutters not included) of maple (bird's-eye panels), curtains and furniture covers of damask selected, new rug, 2 bureaus, 1 bed (5' 6") and bedding, 1 easy chair, 1 rocker, 2 small chairs, 1 work table (3x2) of bird's-eye maple, cost to be $5,200."

The learned trial judge properly instructed the jury that the five written contracts on their face were distinct, and were to be treated as

severable; "that is to say, although there might be a breach of performance in one of these contracts, yet, if the other contracts were substantially performed, the plaintiff would be entitled to recover the price or prices stipulated in the contracts thus substantially performed." He also correctly charged the jury that as these written contracts are divided into separate groups of articles or work, in each of which there is a fixed price of its own, these subdivisions in respect to performance or nonperformance are also to be treated as severable and distinct.

All the foregoing appears by the pleadings, and the bill of exceptions brings before us, as part of the record, the charge of the court, with the exceptions made to particular portions thereof. The assignments of error founded thereon are as follows:

"First. The court below erred in instructing the jury as follows, viz.: 'In respect to the defective woodwork, such defect would not preclude a recovery upon the contract which included that work, if the contract was otherwise substantially performed; but the defendant would be entitled to a deduction for the cost of repairing such defect, and the plaintiff would only be entitled to recover the contract price, less this deduction.'

"Second. The court below erred in this: that almost at the end of the charge to the jury the court, after having previously answered all the points submitted by defendant, and after having previously delivered to the jury the portion of the charge above set forth, affirmed plaintiff's fourth point, which point and the court's answer thereto are as follows: 'Fourth. That the jury should not disallow all of plaintiff's bill because there are certain defects in woodwork, but should deduct from that bill on this account what it will fairly cost, under the evidence, to put the woodwork in as good condition as it should have been under the contract.' 'This point is affirmed.'

"Third. The court below erred in its charge to the jury in this: that the court, having previously affirmed defendant's fourth point, which point and the answer thereto are as follows: 'No one is obliged to accept defective and improper work, and, if new work is so constructed as to be so defective and improper as not in substantial performance of the contract therefor, the purchaser has a right to refuse to accept the same, and the contractor cannot, after such rejection, patch up or repair such defective and inferior work, and then compel the purchaser to accept the same; neither can he recover the contract price therefor, less the amount necessary to put such defective and improper work in proper condition.' 'This point is affirmed,'—yet subsequently in the charge the court affirmed plaintiff's fourth point as stated above, which point and the answer thereto are as follows: 'Fourth. That the jury should not disallow all of plaintiff's bill because there are certain defects in woodwork, but should deduct from that bill on this account what it will fairly cost, under the evidence, to put the woodwork in as good condition as it should have been under the contract.' 'This point is affirmed,'—plaintiff's fourth point and the answer thereto being inconsistent with and contradictory to defendant's fourth point and the answer of the court thereto, as above set forth."

The bill of exceptions contains no transcript of the testimony as a whole, or any portion of it, or any statement of what the testimony tends to prove, pertinent to the portions of the court's charge excepted to. The assignments of error follow the exceptions, and the sole question raised thereby is as to the correctness with which the court instructed the jury in the particulars mentioned.

The plaintiff in error has stated in his brief that "on trial of the case plaintiff [below] admitted that the woodwork in the daughter's room was defective, and called witnesses, who testified that it would cost $500 to repair this defect," and in lieu of any testimony or evidence in the record to that effect, he relies, in the first place, upon the statement by the court in its charge, as follows:

"The plaintiff admits that in the daughter's room there are defects in the woodwork, and has given evidence tending to show that those defects could be remedied at a cost of not over $500, and also that the admitted defects in the newel posts could be remedied at a cost of not over $25."

To this the plaintiff in error appends the statement that:

"These facts are correctly stated by the court, and are part of the conceded facts in this case."

A binding admission may be made by parties, not only on the record, but by their statements to the court. Such an admission as would support the statement of the learned judge, just quoted, was made by the plaintiff below, defendant in error here. One of the requests submitted by the plaintiff below to the court, for a charge to the jury, was the fourth, which, with the answer of the court, is the subject of one of the assignments of error, above quoted. The defendant in error, however, strenuously contends that, in the absence of any evidence brought up by the bill of exceptions bearing on the point in controversy, there is nothing before this court on which it can review the ruling of the trial court in that respect; but the affirmance of this point must be taken as an admission of the fact of defects in the woodwork, and the cost of repair, under the evidence, and not a mere hypothetical statement of the same. As a statement from the plaintiff below, it is a sufficient basis, not only for the ruling upon the point presented therein, but for the statement of the court in its general charge, in regard to the admission as to defective woodwork.

Again, the plaintiff below adopts, and makes part of its brief before this court, the statement of the court below, as to this admitted defect, in its opinion refusing the motion for a new trial, referring to the page of the record where it is found. It is as follows:

"The plaintiff actually did this specified woodwork. After the completion of the work, however, the wood therein shrunk and warped some, and the joints opened. What caused this was the subject of dispute. The plaintiff alleged, and at the trial gave evidence tending to show, that the mischief was occasioned by the damp condition n which the house was kept. The defendant alleged, and at the trial gave evidence tending to show, that the plaintiff had used in this work insufficiently seasoned wood, and that that was the cause of the trouble. But, whatever the cause, the uncontradicted evidence in the case showed that the woodwork could be put in perfect condition at a cost not exceeding $500. It was testified that this could be done at a much less expense, but no witness named a higher sum than $500 as the very outside cost of complete repairment."

We do not have to "look, therefore, to the charge of the judge for the state of the evidence in which that very charge is to be held right or wrong." The admissions made by the plaintiff below in court, appearing in the record and above referred to, present to this court a state of facts which form a sufficient basis on which to review the ruling of the court excepted to. In this, the case at bar is distinguishable from that of Worthington v. Mason, 101 U. S. 149, 25 L. Ed. 848, and from the other cases cited in the brief of defendant in error. We have, therefore, distinctly presented the question whether, in this state of the evidence, the instructions which were given by the court were correct, and to the consideration of that question (the important one in the case) we now turn.

The defendant below contended to the court and jury, as appears

by the record, that, by reason of a defective construction of the woodwork in the daughter's room, there could be no recovery of the amount agreed to be paid to the plaintiff, under the contract for its furnishing and decoration; that the contract was an entire one, and, with this admittedly defective construction, there was not a substantial performance of the same. The plaintiff below, on the other hand, contended that the defect in the woodwork resulted from no fault on its part, but that, if it did, it was of such a character as would be easily remedied at an expense of not more than $500, and that it should be allowed to recover the difference between that amount and the contract price. In this state of the controversy, the court charged the jury on this point, as follows:

"In respect to the defective woodwork, such defect would not preclude a recovery upon the contract which included that work, if the contract was otherwise substantially performed; but the defendant would be entitled to a deduction for the cost of repairing such defect, and the plaintiff would only be entitled to recover the contract price, less this deduction."

The court also affirmed plaintiff's fourth point, which, as already quoted, is as follows:

"Fourth. That the jury should not disallow all of plaintiff's bill, because there are certain defects in woodwork, but should deduct from that bill, on this account, what it will fairly cost, under the evidence, to put the woodwork in as good condition as it should have been under the contract."

We think the learned judge in the court below erred in these instructions to the jury. The contract in question is an entire contract. $5,200 was the price to be paid for its performance. The contract itself did not attempt to apportion this sum among various items, and there was, therefore, no basis for such apportionment, if otherwise it could have been appropriately made. The contract being entire, the price to be paid is single, and the consideration is solely for the performance of the whole work contracted to be performed. Whether this entire contract had been substantially performed was a question of fact for the jury. They might well be told that, in determining this question, they need not take into the account any slight or unimportant defect, or one that could be easily remedied by a deduction from the agreed price, as such do not necessarily make it impossible to truthfully declare that an entire contract has been substantially performed; but whether such alleged defects are substantial or unimportant is a question of fact for the jury. Substantial performance of the entire contract is sufficient, and the jury may properly so find. This, however, is not the proposition of the charge as excepted to. The instruction of the court below takes away from the jury the question of fact as to whether there had been a substantial performance of the entire contract, and the subordinate and related one, whether the defect in the woodwork was so slight and trivial as to be immaterial in the consideration of the question of substantial performance, or so serious as to negative a substantial performance of, and thus preclude a recovery upon, the entire contract. The language of the court is:

"In respect to the defective woodwork, such defect would not preclude a recovery upon the contract which included that work, if the contract was otherwise substantially performed."

The question here submitted to the jury was not as to a substantial performance of the entire contract, but whether, with the defective woodwork excluded from consideration, the contract was otherwise substantially performed. By this instruction the court took away from the jury the question of fact, whether there had been a substantial performance of the entire contract, and decided itself that certain deficiencies were not material. The question as to defective woodwork, as we have said, should have been submitted to the jury, to be determined as a part of the general question of substantial performance of the entire contract. This erroneous view of the function of the jury is repeated and emphasized in the affirmance of the plaintiff's fourth request to charge. Such an instruction to a jury could not fail to be prejudicial to the defendant, by depriving him of the right, that was his, to have the jury consider the whole question of substantial performance, including the determination of the fact whether any alleged deficiency was important and material or not. We do not think that the error here pointed out was rendered innocuous by the other portions of the charge, in which the learned judge correctly stated to the jury the law in regard to substantial performance.

It should not be passed without notice that the learned trial judge affirmed defendant's fourth point, as follows:

"No one is obliged to accept defective and improper work, and if new work is so constructed as to be so defective and improper, as not in substantial performance of the contract therefor, the purchaser has a right to refuse to accept the same, and the contractor cannot, after such rejection, patch up or repair such defective and inferior work, and then compel the purchaser to accept the same; neither can he recover the contract price therefor, less the amount necessary to put such defective and improper work in proper condition."

This is a very clear statement of what we think the doctrine applicable to the case in hand to be, and strengthens our confidence in the correctness of the view that we have taken, and, but for the opinion of the court on the motion for a new trial, it would suggest that possibly the view we have criticised was inadvertently taken by the learned judge who charged the jury. However this may be, we are of opinion that error in so vital a point as the one to which we have called attention cannot be passed over as unimportant, by reason of the correct and cogent statements of the law in other portions of the charge. We have carefully examined the authorities and cases cited in behalf of the defendant in error, but can find in none of them sanction for the proposition that, where the question in controversy is whether there has been a substantial performance of a contract, the court can take from the consideration of the jury, by deciding for itself, the question whether an alleged defect is material or immaterial to such substantial performance, or that the question in such case to be submitted to the jury is whether the contract in suit has been otherwise substantially performed, after the question of performance as to a certain portion thereof has been excluded from their consideration.

For the reasons stated, we are compelled to the conclusion that the judgment below should be reversed, and the case remanded, with directions for a new trial.