# Selma Street & Surburban Ry Co. v. Campbell.

### Damages for Injury to Passenger.

(Decided Nov. 19, 1908. Rehearing denied Jan. 6, 1909.
48 South. 378.)

1. *Carriers: Passengers: Complaint.*—A complaint does not charge wanton or willful misconduct for injury to a passenger from the starting of the car when he is attempting to alight, although it avers that the motorman willfully, wantonly and negligently started the car back, and that the conductor and other employes of the defendant knew that it was necessary for plaintiff to get off at the corner of a certain named street, where it fails to aver that they knew he had to get off at the particular point at said crossing, or that this was the place of making transfers, and that this was so known to the servant starting the car, it not being averred that the motorman was conscious of plaintiff's peril or that it was started at a point where its starting was known to the motorman to be dangerous, or that the motorman knew plaintiff was preparing to alight, or was in the act of alighting when he started the car, or that people customarily transferred at that point.

2. *Same: Negligence.*—A count averring the surroundings and conditions and that the motorman negligently started the car, thereby throwing the alighting passenger, but does not predicate the negli-

[Selma Street & Suburban Ry. Co. v. Campbell.]

gence on these circumstances, nor ascribe the negligence to such circumstances, is not insufficient for a failure of these circumstances to show negligence.

3. *Appeal and Error; Harmless Error; Pleading.*—Where the complaint charged that plaintiff was thrown from the car, and the plea of the general issue was interposed, it was harmless error to sustain a demurrer to a plea alleging that plaintiff stepped off backwards.

4. *Evidence; Questions Calling for a Conclusion.*—Whether one did or did not step off a moving car, being a fact to which a witness can testify, the question, "did you step off the car, or were you thrown off," is not objectionable as calling for a conclusion.

5. *Trial; Objection to Evidence.*—Objections to a question on the ground that it calls for a conclusion should separate the good from the bad. and be directed to so much of the question as asked for the conclusion.

6. *Same; Instructions; Invading Province of Jury.*—Where there was a question of fact for the determination of the jury as to the nature and character of the indication of the car being slowed down, a charge assuming and telling the jury that indications were given that the car was being slowed down to permit passengers to alight was invasive of the province of the jury.

7. *Same; Instructions; Conformity to Evidence.*—A charge based on the belief of the jury of a fact contrary to what was shown by the undisputed evidence was improper.

APPEAL from Selma City Court.

Heard before Hon. J. W. MABRY.

Action by J. G. Campbell against the Selma Street & Suburban Railway Company for damages for personal injury. From a judgment for plaintiff, defendant appeals. Reversed.

The complaint was in the following language:

Count 1: "Plaintiff claims of defendant the sum of $1,500 as damages, towit: That on the 5th day of April. 1907, defendant corporation was engaged in operating by electric force a street railway as a common carrier of passengers in and upon the streets of Selma, in the state of Alabama, and said defendant then and there so negligently conducted said business that by reason of such negligence plaintiff, who was a passenger on one of defendant's street cars, received personal injuries, towit, a broken arm, which resulted in great pain and suffering to plaintiff and rendered him incapable of perform-

ing his real duties, those of a clerk in the postoffice in Selma, Ala., and still render him unable to perform said duties, and necessitated his having a physician and medical attendant at a great expense to him, all of which is to his damage as aforesaid."

Count 2: Same as 1, with a different statement of damages.

Count 3: Same as 1.

Count 4 (omitting the formal part, which is the same as in count 1): "That while so a passenger plaintiff requested of the conductor on said car and was furnished by him with, a trasfer ticket or check, from the car upon which he was riding to another car operated by the defendant corporation. That it was necessary for plaintiff to get off the car upon which he was riding at the corner of Broad and Selma streets, in said city, in order to get on the car to which he was to be transferred, and for which purpose he held such transfer ticket, which had been given him by the said conductor, and said conductor and other employes of defendant on said car knew that it was necessary for him to do so. That when the car upon which plaintiff was riding reached the said corner of Broad and Selma streets the said car was stopped, and plaintiff prepared to alight therefrom in order to get on the car to which he was to be transferred, and which was then at said corner. That in order to alight from the car upon which he had been riding the defendant stood up and stepped upon the running board upon said car, which is used for that purpose. That at that time the said car was standing still, but before plaintiff alighted from said car, and while he was in the act of so doing the motorman in charge of said car willfully, wantonly, and negligently, and with willful and wanton negligence, started the said car backwards suddenly and with a

violent jerk, and without any warning whatever to plaintiff, thereby throwing plaintiff violently to the ground. (Here follows the allegation of damages and injuries as alleged in the first count.)"

Count 5: Same as 4, except that it does not allege wanton or willful misconduct.

Count 6: Similar to the fifth, except that it alleges that the conductor and motorman had knowledge of the fact that he was attempting to alight when the car was started violently backwards without notice to him.

Count 7: Similar to the sixth, except that it alleges wanton, willful, or intentional misconduct.

Plea No. 6 is as follows:

"Plaintiff was guilty of contributory negligence in this: That while said car was moving, as alleged in said count, plaintiff negligently and carelessly stepped off said car backwards, which act, at the time and place where plaintiff then was, was attended with danger obvious to a person of ordinary care and prudence, in the position in which plaintiff then was, and as a proximate consequence of said negligenctly and careless stepping from said car backwards plaintiff proximately contributed to his own injury as alleged in said count."

The following charge was given at the instance of the plaintiff:

"The court charges the jury that, though the car did not stop at the crossing, the jury might find it was so operated as · to imply an invitation to passengers to alight by reason of indications given that it was being slowed up for that purpose. In such a situation the duty of the trainmen towards passengers departing is the same as to those taking passage. Employes must see that no person intending to act on the invitation is so situated as to be imperiled by strating."

The following charge was refused to defendant:

"The court charge the jury that if they believe from the evidence that the car stopped before it reached the corner of Broad and Selma streets, and plaintiff got up from his seat and got on the running board of the car and defendant, in switching its car, started the car backwards suddenly, and that caused plaintiff to fall, then plaintiff cannot recover under counts 4, 5, 6, and 7 of plaintiff's complaint."

A. D. PITTS, and DANIEL PARTRIDGE, JR., for appellant. Count 4 charges simple negligence as well as wantonness, and the demurrer should have been sustained to this count.—*Verner v. Ala. G. S. Ry. Co.*, 103 Ala. 574; *C. of Ga. Ry. Co. v. Foshee*, 125 Ala. 199; *M. & C. R. R. Co. v. Martin*, 117 Ala. 367; *A. G. S. v. Williams*, 140 Ala. 230. The facts pleaded show simple negligence. —*Southern Ry. Co. v. Bunt*, 131 Ala. 591; *L. & N. v. Mitchell*, 134 Ala. 261; *Peters v. Southern Ry. Co.*, 135 Ala. 533. Counsel discuss demurrers to count 5, but without citation of authority. They insist that the demurrer to count 6 should have been sustained on authorities cited above and *Armstrong v. Montgomery St. Ry.*, 26 South. 349. The court erred in sustaining demurrers to the 6th plea.—*Montgomery St. Ry. Co Case*, 142 Ala. 674; *A. G. S. v. Guest*, 144 Ala. 373; *Peters v. Southern Ry. Co. supra; L. & N. v. Mitchell, supra; L. & N. v. Muscatt*, 41 South. 302. The question of whether or not the plaintiff was thrown off or stepped off was an issue to be tried, and the facts should have been stated and not the conclusions of the witness.—*Bir. Ry. L. & P. Co. v. Martin*, 42 South. 618; *L. & N. v. Landers*, 135 Ala. 504; *Nichols v. The State*, 100 Ala. 23; 17 Cyc. 45-6. The court erred in giving the charge requested by plaintiff.—*Thompson v. The State*, 30 Ala. 28; *A. G. S. v.*

*Roebuck*, 76 Ala. 277; *Hall v. The State*, 88 Ala. 238; *Hare v. Little*, 28 Ala. 236. The court should have given the affirmative charge as to count 4, having induced the ruling on demurrer to the pleas that this count was for willful or wanton injury plaintiff cannot assert the contrary.—*Taylor v. Crook*, 136 Ala. 354.

CRAIG & CRAIG, for appellee. The court properly overruled the demurrers to the 1st, 2nd and 3rd counts.— *Armstrong v. Montgomery St. Ry.*, 123 Ala. 244; *B. R. L. & P. Co. v. Livingston*, 39 South. 374; *L. & N. v. Marbury*, 125 Ala. 237; *C. of G. Ry. Co. v. Freeman*, 134 Ala. 354; *Russell v. H. R. L. & P. Co.*, 137 Ala. 628; *L. & N. v. Jones*, 83 Ala. 373; *B. L. & I. Co. v. Campbell*, 121 Ala. 50; *G. P. Ry. Co. v. Davis*, 92 Ala. 307; *Laughran v. Brewer*, 113 Ala. 509. Nor did the court err in overruling demurrers to the 4th and 7th counts.—*L. & N. v. Orr*, 121 Ala. 498; *M. & C. Co. v. Martin*, 117 Ala. 367; *G. P. Ry. Co. v. Lee*, 92 Ala. 262; *L. & N. v. Brown*, 121 Ala. 221. These counts charged simple negligence. —*Southern Ry. Co. v. Bush*, 122 Ala. 470; *B. R. L. & P. Co v. Jaffee*, 45 South. 469; *L. & N. v. Orr*, 121 Ala. 497. The court properly sustained demurrers to the pleas.—*Mobile L. & I. Co. v. Walsh*, 40 South. 560. The pleas do not specify the acts relied on as negligence.— *Postal Tel. Co. Hulsey*, 115 Ala. 193; *Johnson's Case*, 104 Ala. 241; *Herndon's Case*, 100 Ala. 457. In further support of the contention that under the facts pleaded, the pleas were insufficient, counsel cite the following cases.—*B. R. L. & P. Co. v. West*, 38 South. 1016; *B. R. L. & P. Co. v. James*, 121 Ala. 120; *Watkins v. B. R. & E. Co.*, 120 Ala. 147; *B. R. & E. Co. v. Wildman*, 119 Ala. 547. The charge given at plaintiff's request is proper.—*Sweet v. Bir. R. & E. Co.* 33 South. 886. The court did not err in refusing the general charges request-

ed by the defendant.—*Mobile L. & Ry. Co. v. Walsh, supra.* On the authorities cited above, whether or not defendant was negligent in attempting to alight from the car, was a question for the jury and did not of itself constitute negligence.

ANDERSON, J.—While count 4 of the complaint charges that the motorman in charge of said car willfully, wantonly, and negligently started the car back, it does not aver a consciousness on the part of the motorman of the plaintiff's peril, or that it was so started at a point where the starting of which was known to the motorman as being dangerous. It does not aver that the motorman knew that the plaintiff was preparing to alight or in the act of alighting when he started the car, or that people customarily transferred at that particular point. It does aver that the conductor and other employes of the defendant knew that it was necessary for him to get off at the corner of Broad and Selma streets, but does not aver that they knew he had to get off at this particluar point at said crossing, or that this was the place of making transfers, and that it was so known to the servant starting the car. It is a matter of common knowledge that there are four corners at the usual street crossing, and there is no averment that the servants knew that plaintiff had to transfer at the one where he made the attempt, or that it was the particular corner where passengers did transfer. The trial court did not err in overruling the demurrers proceeding upon the theory that this was a count for wanton or willful misconduct. Moreover, it was treated as a simple negligence count throughout the trial, by the allowance of pleas of contributory negligence thereto and in giving special charges that contributory negligence would defeat a recovery thereunder.—*Montgomery St. R. R. v. Rice,*

[Selma Street & Suburban Ry. Co. v. Campbell.]

142 Ala. 674; 38 South. 857; *L. & N. R. R. v. Orr,* 121 Ala. 489, 20 South. 35; *M. & C. R. R. v. Martin,* 117 Ala. 367, 23 South. 231.

Counts 4, 5, 6, and 7 aver that the car was negligently started backwards, and sufficiently charged simple negligence.—*Armstrong v. Montgomery R. R.,* 123 Ala. 244, 26 South. 349; *L. & N. R. R. Co. v. Marbury,* 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; *Russell v. Huntsville R. R.,* 137 Ala. 628, 34 South. 855. We do not understand the count to set out or attempt to set out the constituents of negligence. It does not ascribe the negligence to the preceding detailed circumstances above, or charge that it consisted in the acts or omissions as aforesaid. We are, of course, aware of the rule that, notwithstanding the quo modo need not be averred, yet when it is, and the pleader relies upon the facts so set out as charging negligence, that the count is bad if the facts so stated fail to show negligence. But we do not think the complaint in the case at bar predicates the charge of negligence upon the facts detailed. It avers the surroundings and conditions, and that the motorman negligently started the car, etc., thereby throwing the plaintiff down. It does not aver that the conditions detailed constituted negligence, nor attempt to set out the quo modo by reference to the detailed facts or otherwise.

The trial court did not commit reversible error in sustaining the demurrer to plea 6. Whether good or bad, which we need not decide, it was cured by the general issue as to counts 4, 5, 6, and 7. Each of said counts charge that the plaintiff was thrown from the car, while the plea avers that he stepped off backwards. If he stepped off, whether forward or backwards, then he was not thrown off, as charged in said counts of the complaint. It is true counts 1, 2, and 3 merely charge

a negligent failure to safely transport the plaintiff as a passenger; and conceding, without deciding, that said plea 6 was a good plea of contributory negligence to these counts, the defendant got the benefit of same under plea 7, to which no demurrer was sustained.

The question asked the plaintiff as a witness, "Did you step off the car, or were you thrown off?" did not necessarily call for a conclusion of the witness. The fact that he did or did not step off was a fact to which he could testify. Conceding, therefore, without deciding, that a part of the question called for a conclusion, in order to put the trial court in error, the objection should have separated the good from the bad, and applied to only so much of the interrogation as solicited a conclusion.

Charge 1, given at the request of the plaintiff, was an invasion of the province of the jury and should have been refused. It assumes and in effect tells the jury that indications were given that the car was being slowed for the purpose of permitting passengers to alight. It may be from the plaintiff's evidence that the jury might be authorized to infer an invitation to alight and that this inference could be drawn by reason of indications, if any there were; but the vice of the charge is that it assumes and instructs that indications were given from which an invitation to alight might be implied, when it was for the jury to determine the nature and character of the indications, if any there were. A charge which assumes the existence of a fact, or which instructs that it does exist when it does not, or when there is a conflict in the evidence as to whether or not it does exist, is clearly an invasion of the province of the jury.—2 Mayfield, p. 571; *Thompson v. State,* 30 Ala. 28; *A. G. S. R. R. v. Roebuck,* 76 Ala. 277; *Hair v. Little,* 28 Ala. 236.

[Southern Railway Co. v. Wooley.]

The trial court did not err in refusing the affirmative charges as to counts 4 and 7. We have already held that these counts did not charge wanton or willful misconduct, and there was evidence from which the jury could infer simple negligence.

The trial court did not err in refusing charge A, requested by the defendant. The undisputed evidence shows that the car had reached the corner of Broad and Selma streets before it stopped, or before the plaintiff attempted to alight. It may not have passed even the first corner, but the front of it reached the corners nearest to it, and the complaint avers (counts 4, 5, 6, and 7) that when the car reached the corner of Broad and Selma streets it was stopped, etc. It does not designate any particular corner.

For the error above designated, the judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.