# Alexander v. Smith.

## Assumpsit.

(Decided Nov. 28, 1911.  57 South. 104.).

1. *Appeal and Error; Harmless Error; Pleadings.*—Where a defendant had the benefit under the general issue of matters alleged in his special pleas, it is harmless error to sustain demurrers to such plea.

2. *Charge of Court; Invading Jury's Province.*—A charge asserting that the digging of a ditch more than three feet deep was a material deviation preventing recovery, was properly refused, where the evidence made it a jury question, as to whether the excess over three feet was a material deviation from the contract requirement, and whether it caused any loss to the defendant.

3. *Evidence; Opinion; Conclusion.*—Where the action was for one-half the costs of digging and enlarging a ditch through the property of an adjoining land owner pursuant to an agreement between them, and a witness had testified that the new ditch was more than three feet deep because the water stood where the old ditch and the new ditch met, and it was necessary that it be made a little deeper to carry off the water a question to said witness "was that ditch dug any deeper than was necessary in order to take off the water?" did not call for a conclusion of the witness, but for a matter of observation as to whether the ditch was dug any deeper than was required to take off the water.

4. *Contracts; Performance.*—Where defendant made a contract with plaintiff by which plaintiff agreed to furnish the labor to clear off the right of way and dig a ditch through a pond and clean out and open an old ditch on the defendants' land, the contract requiring plaintiff to dig this ditch not less than 6 or 8 feet wide, and the proper depth necessary not to exceed three feet in the new ditch, the fact that the ditch was dug more than three feet deep would not prevent plaintiff from recovering one-half of the cost as agreed upon if the excess depth did not interfere with the ditch as a drain, even if the agreement could be construed as a limitation upon plaintiff's right to dig beyond that depth.

5. *Same; Substantial Performance.*—If the work done substantially conforms to the contract, immaterial deviations will not prevent recovery of the contract price, abated by the amount required to indemnify for injuries sustained by such deviation.

6. *Same; Construction.*—To ascertain the intention of the parties to a contract as to what should be done, regard may be had to the nature of the instrument, the condition of the parties, and their purposes.

7. *Same.*—The contract in this case examined and held that under the provisions to clean out and open the old ditch plaintiff it was

[Alexander v. Smith.]

required not only to remove the rubbish therefrom, but to widen it so as to make it an unobstructed outlet for the water, the word "open" meaning to form by cutting, cleaning, removing or pushing aside whatever impedes or hinders.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by McQueen Smith against J. L. Alexander. From a judgment for plaintiff, defendant appeals. Affirmed.

The substance of the contract appears in the opinion of the court. The following written charges were refused to the defendant: (2) "If the jury believe from the evidence that the new ditch was dug by plaintiff more than three feet deep, they must find for the defendant." (3) "I charge you, gentlemen of the jury, that if you believe from the evidence that the plaintiff dug the new ditch to a depth greater than three feet, that the plaintiff is not entitled to recover anything for the digging of the new ditch." ( ) "If the jury believe the evidence in this case, they cannot find for the plaintiff for any services or labor in the widening of the old ditch." (4) "If the jury believe the evidence, they cannot find a verdict for the plaintiff for any work or labor done on the old ditch." (5) "Under the contract in this case there rested upon plaintiff no duty to widen the old ditch to a width greater than originally dug, but only to open and clean out the old ditch, and if you believe the evidence in this case the plaintiff is not entitled to recover for any services rendered in widening the old ditch." (6) "I charge you, gentlemen of the jury, that there is no evidence in this case that it was necessary to widen the old ditch in order for it to carry off the water."

COLEMAN, DENT & WEIL, and PEYTON E. ALEXANDER, for appellant. The pleas set up the breach of the spe-

cial contract, and it is nececsary that plaintiff show such performance before he is entitled to recover whether under the special contract or the common count. Hence, the court was in error in sustaining demurrer to these pleas.—*Davis v. Badders,* 95 Ala. 548; *Aarnes v. Windham,* 137 Ala. 513. The question propounded to the witness called for a conclusion as to whether or not it was necessary to dig the ditch deeper to carry off the water.—*B. R. R. Co. v. Tegnor,* 125 Ala. 593; *A. & N. v. Banks,* 132 Ala. 471; *Mann v. The State,* 134 Ala. 1; *W. Ry. v. Arnett,* 137 Ala. 414. Counsel discuss the charges refused, but without citation of authority.

RAY RUSHTON, WILLIAM M. WILLIAMS, and BALLARD & THOMAS, for appellee. The matters set up under special pleas were cognizable under the general issue, and hence, demurrers were properly sustained to them. —*Manning v. Meroney,* 87 Ala. 563; *L. & N. v. Davis,* 91 Ala. 487. The court did not err in sustaining demurrer to the pleas in any event.—*W. Ry. v. Hart,* 160 Ala. 599; *Continental I. Co. v. Parks,* 1442 Ala. 650; *Shepherd v. Dowling,* 103 Ala. 563. The depth of the ditch was inserted merely for the benefit of Smith, and he could waive it.—*Acker v. Bender,* 33 Ala. 230; *Lowery v. Peterson,* 75 Ala. 109; *Garrison v. Glass,* 139 Ala. 512. In any event, the plaintiff must avail himself of the plaintiff's breach by an action on the covenant, and in the case at bar, to make his pleas good, should have averred his damage.—*Fullenwider v. Rowan,* 136 Ala. 287; Parsons on Cont. 387. The question objected to called for the observation of the witness of a fact, and hence, did not call for a conclusion.—12 Enc. P. & P. 432. The court did not err in refusing the charges requested. Counsel discuss a motion to

strike bill of exceptions, but it is not deemed necessary to here set it out.

WALKER, P. J.—One of the counts of the complaint embodies a copy of the contract between the parties, avers performance by the plaintiff of its stipulations on his part, and that the defendant has failed and refused to pay one-half of the actual cost of the work, as he agreed to do.

Under his plea of the general issue, the defendant had the benefit in the trial of presenting the claims, which he sought to set up by special pleas, that the work done by the plaintiff did not constitute a performance of the contract according to its terms. This being true, if there was error in sustaining the demurrers to those special pleas, it was error without injury to the defendant.—*Selma Street & Suburban Ry. Co. v. Campbell,* 158 Ala. 438, 48 South. 378.

The defendant owned a tract of land lying between the plaintiff's land and Cat creek. By the contract, the plaintiff undertook "to furnish labor to clear off right of way and dig ditch through Cypress pond, and to clean out and open the old ditch, all on lands owned by J. L. Alexander (the defendant), known as the Carew Place. McQueen Smith (the plaintiff) is to dig this ditch not less than six or eight feet wide and the proper depth necessary, not to exceed three feet in the new ditch." Each of the parties was to pay one-half of the actual cost. The contract concluded with the stipulation "that the said J. L. Alexander is to allow McQueen Smith water right of way through said ditch through Cypress pond to Cat creek, for purpose of keeping ditch clean and open." The defendant resisted the plaintiff's right to recover anything for the digging of this new ditch, on the ground that it was dug more

than three feet deep, instead of not to exceed the depth mentioned in the contract. For support in this position he relies on the words in the contract, "not to exceed three feet in the new ditch."

In construing a contract as a whole or any provision of it that is brought into question, the effort should be to ascertain the intention of the parties, "and, to ascertain their intention, regard may be had to the nature of the instrument itself, the condition of the parties executing it, and the objects they had in view."—*Lewman & Co. et al. v. Ogden Bros. et al.,* 143 Ala. 351, 42 South. 102. The situation with which the parties dealt in making the contract in question was the possession of the defendant of an old ditch on his land which he was interested in having cleaned out and opened and rendered more useful for the draining of his land by the construction of a new ditch to connect with it; while the old and new ditches together would serve plaintiff's purpose by furnishing drainage for his adjoining land. The two landowners agreed to the scheme of improvement. One of them was to do the work, and each was to pay one-half of the actual cost. The object of each of them was to get his land drained. The obligation of the one who undertook to dig the ditch "the proper depth necessary" was limited and qualified by the words "not to exceed three feet in new ditch;" and while the connection in which those words are found makes it plain that this was the primary purpose of their use, yet the clause also inured to the benefit of the other party to the contract, as it is a fair inference that he did not intend to bind himself to pay one-half of the cost of work done in excess of the requirements of the contract. It being perfectly plain that the paramount object of both parties was to have a ditch that would serve as an effective drain into Cat creek,

it is not to be supposed that it was any part of their purpose in inserting the clause in question to enable the defendant to claim that no liability was imposed on him by the digging of the new ditch in the event of its depth exceeding three feet, though the ditch as dug accomplished the purpose of affording an effective means of drainage, at a cost to the defendant within the limit indicated by the terms of the contract, and the additional digging done by the plaintiff involved no loss or damage to the defendant. Even if the clause in question could reasonably be construed as a limitation upon the right of the plaintiff to dig the new ditch beyond the depth specified, and not as a limitation of the amount of digging required of him by the contract, still the mere fact that the ditch as dug was more than three feet deep would not have the effect claimed by the defendant, unless the excess in the depth of the ditch constituted a material departure from the scheme of improvement contemplated by the parties. It is not every variation from specifications that entitles a party who has contracted for work to be done to claim that his obligation to pay has not been incurred because the work as done does not conform to the terms of the contract.

If the work as done substantially conforms to the requirements of the contract immaterial deviations from specifications do not constitute an obstacle in the way of a recovery of the contract price, less the amount, by way of damages, requisite to indemnify the party sought to be charged against whatever injury he may have sustained as the result of such a departure from the letter of the contract.—*Singer Manufacturing Co. v. McLean,* 105 Ala. 316, 16 South. 912; *Pitcairn v. Philip Hiss Co.,* 113 Fed. 492, 51 C. C. A. 323; *City of Elizabeth v. Fitzgerald,* 114 Fed. 547, 52 C. C. A. 321; *Crouch v. Gutmann,* 134 N. Y. 45, 31 N. E. 271, 30 Am. St. Rep.

608; 3 Page on Contracts, §§ 1385, 1386. The ditch here
in question was to be six or eight feet wide, and it is not
questioned that the plaintiff had the right to dig it "the
proper depth necessary, not to exceed three feet in the
new ditch."

Under the evidence, it was a question for the jury
whether as dug it was more than three feet deep, and,
if so, whether its depth was so little in excess of what
was contemplated as to constitute no material deviation
from the requirement of the contract in this connection,
and to entail no loss or injury upon the defendant. In
this state of the evidence the defendant was not entitled
to a ruling to the effect that digging the ditch more than
three feet deep constituted a material departure from
the provisions of the contract. The foregoing consider-
ations disclose the incorrectness of the propositions in-
volved in the second and eighth written charges refused
to the defendant. Under those instructions, the jury
would have been required to treat any deviation by the
plaintiff from the provision referred to, however trivial
or substantial as vitally affecting the plaintiff's
rights under the contract.

Another claim set up by the defendant was that he
was not chargeable with any part of the cost incurred
by the plaintiff in widening the old ditch. This claim
is based upon the contention that the stipulation on
the part of the plaintiff "to clean out and open the old
ditch" did not authorize him to incur any expense in
widening that ditch. This clause of the contract also
is to be construed in the light of the situation dealt with
by the parties and of the object sought to be accomplish-
ed. The new ditch provided for was to be connected
with the old ditch mentioned, and the latter was to fur-
nish the outlet to Cat creek. The result in contempla-
tion was in reality one drainage ditch, which was to

be lengthened by the digging of what was called the "new ditch," the water from which was to go out through the old ditch. The language of the contract is to be read in the light of this state of fact. The plaintiff agreed to "dig ditch through Cypress pond, and to clean out and open the old ditch." Immediately following this provision is the stipulation that the plaintiff "is to dig this ditch not less than six or eight feet wide and the proper depth necessary, not to exceed three feet in new ditch." In view of the fact that the parties were providing for one continuous ditch, it seems probable that the words "this ditch" as used in the clause just quoted were intended to refer to the entire ditch provided for in the immediately preceding stipulation, and not merely to the new ditch; and this view is strengthened by the circumstance that in the provision in that clause intended to apply only to the new ditch it is mentioned specifically. As the new ditch was not to be not less than six or eight feet wide, and as the evidence showed that in some places the old ditch was only about four feet wide, it cannot be said that to give the language last quoted the effect of authorizing a widening of the old ditch where that was necessary to make it conform in capacity to the ditch which was to connect with it would be in disregard of the intention of the parties as expressed in the contract. But, assume that this particular provision was intended to refer alone to the new ditch, and that the plaintiff's right to recover for work done on the old ditch is under the provision requiring him "to clean out and open the old ditch." The counsel for the appellant construe these words as requiring no more than a removal from the old ditch of the trash and deposit accumulated in it. This much would have been required of the plaintiff if he had undertaken merely to clean out the old

ditch. We are of opinion that this construction unduly narrows the import of the words used when considered in the connection in which they are found. Manifestly the purpose of providing for the cleaning out and opening of the old ditch was that it might be made an effective part of the drainage project undertaken to be carried out. It was to be the means of letting off water from the land. Through it was to be discharged an additional volume of water to be brought into it by a new ditch which was to be six or eight feet wide and about three feet deep. This being true, it is not improbable that the parties deemed it advisable so to open up the old ditch as to give it a corresponding width throughout, so that the passage of the volume of water which would flow into it would not be impeded as a result of its being too narrow in some places. And we are of opinion that the words used are to be construed as expressing this purpose. One of the accepted meanings of the word "open" is "to form by cutting, cleaving, removing or pushing aside whatever impedes or hinders."—Century Dictionary. The connection and the subject- matter dealt with indicate that it was in some such sense that that word was used in the provision in question. The conclusion is that the requirement "to clean out and open the old ditch," under the circumstances surrounding the making of the contract under consideration, called for, not merely the removal of the rubbish which had accumulated in that ditch since it was dug, but for such a widening of it in narrow places as to make it throughout an unobstructed outlet for the water to be drained into it. Such a widening of that ditch where it was necessary to make it conform to the plan of the drainage project of which it was to be a part cannot fairly be said to have been beyond the requirements of the provision under consideration. It follows

[Alexander v. Smith.]

from this conclusion that the court was not in error in refusing to give written charges 3, 4, 5, and 6, requested by the defendant.

In the course of his examination as a witness the plaintiff testified: "The place where the ditch is more than three feet deep is down near the edge of a hillside. The swamp is right under the edge of a hillside. The new ditch was to meet the old ditch. He dug the new ditch first in the summer, and in the fall went back to deepen it. When we came up the new ditch and the water stood there where the new ditch and the old.ditch came together, and the new ditch had to be made deeper. The water in the ditch was the only level we had." In this connection the witness was asked the question: "Was that ditch dug any deeper than was necessary in order to make it take off the water?" The court was not in error in overruling the defendant's objection to this question. The question called, not for a mere conclusion of the witness, but for a mere matter of observation as to whether at that point, where there was an elevation of the surface, the ditch was made any deeper than was required to let the water flow from it into the old ditch with which it was to connect. Besides, the witness was shown to be qualified by knowledge and experience to give an opinion on the subject inquired about which was admissible as evidence.

Enough has already been said of the conflict in the evidence to indicate the conclusion that the defendant was not entitled to the general affirmative charge requested in his behalf.

Affirmed.