# Littleton *v.* The State.

*Indictment for Murder.*

1. *Homicide; competency of expert witness; admissibility of evidence.*—On a trial under an indictment for murder, where a physician, examined as a witness, testifies that he made

[Littleton v. The State.]

an examination of the body of the deceased, and describes the wounds he found upon said body, such witness is competent to express his opinion as to the character of the instrument which produced the wounds so described by him.

2. *Same; admissibility of evidence.*—On a trial under an indictment for murder, where there is evidence tending to show that the defendant had seduced the woman whom he was charged with having murdered, it is competent for the mother of the deceased to testify that the deceased "was in a family way;" such testimony being the mere statement of a collective fact, and admissible in evidence as such.

3. *Same; same; evidence as to tracks.*—On a trial under an indictment for murder, where the evidence tending to connect the defendant with the commission of homicide is purely circumstantial; and, it is shown that the body of the deceased was found in a mill pond, and that leading to the part of the pond where the body was found there were foot-tracks, it is competent to ask the witness who testified that he saw two tracks on or near the bank: "Whether the two tracks were of the same, or different kinds?"

4. *Charge to the jury; misleading charges.*—In a criminal case the giving of a charge which has a tendency to mislead the jury is no ground for the reversal of the judgment of conviction.

5. *Same; reasonable doubt.*—In a criminal case a charge which instructs the jury that, "The State is not required to prove defendant's guilt beyond all doubt, but only to prove guilt beyond a reasonable doubt," asserts a well-established principle, and the giving of such a charge is not error.

6. *Same; same.*—In a criminal case a charge which instructs the jury that "Each juryman must separately and segregately be satisfied beyond a reasonable doubt, and to a moral certainty that defendant is guilty or they must acquit him," is erroneous and properly refused.

7. *Same; same; homicide.*—On a trial of indictment for murder, where the killing of the deceased is alleged in the first count of the indictment to have been accomplished by the defendant by drowning, without stating the means by which the drowning was effected, in the second and third counts, by drowning and the means by which it was accomplished are alleged, and in the fourth count it is alleged that defendant killed the deceased by beating and choking her, a charge which instructs the jury that "If they are reasonably doubtful as to the proof in this case of any material allegation of the indictment," they must acquit the defendant, is erroneous and properly refused,

Vol. 128.

APPEAL from Circuit Court of Lee.

Tried before the Hon. A. A. EVANS.

The appellant, Frank Littleton, was jointly indicted with one Henry Thomas for the murder of Ella Hodges. The defendant Littleton demanded a severance, which was granted; thereupon he was tried separately, was convicted of murder in the first degree, and sentenced to the penitentiary for life.

The evidence in the case tending to show that the defendant Frank Littleton murdered Ella Hodges was entirely circumstantial. It was shown that the deceased, Ella Hodges, was an unmarried woman, and the sister of defendant's wife; and there was evidence tending to show that at the time of her death she was in a delicate condition, resulting from her seduction. Her body was found in a mill pond not far distant from the defendant's house, and the marks indicating violence upon the deceased were described in the testimony of Dr. F. G. Hendrick, which is set forth in the opinion. In the part of the mill pond where her body was found the water was three or four feet deep; and leading to that part of the mill pond there were discovered tracks just above the banks of the pond, and some of the witnesses for the State testified that from where these tracks were seen there were indications upon the ground like something had been dragged to the edge of the pond just opposite to where the body of the deceased was found. It was also shown that at the time of her death, Ella Hodges was living at the house of the defendant; and there was evidence tending to show that during the time the deceased was at the house of defendant he sought to obtain medicines which would prevent the disclosure of the deceased's delicate condition.

Dr. F. G. Hendrick was introduced as a witness for the State, and testified that he was a practicing physician and had been engaged in the practice for several years, and that as a physician he was called on to examine the body of Ella Hodges.

The facts pertaining to the rulings upon the evidence, relating to the testimony of Dr. Hendrick, are sufficiently shown in the opinion.

Upon the examination of Mrs. Martha Dixon, who was the mother of Ella Hodges, the deceased, she testified that she had a conversation with the defendant about the deceased's condition in which she charged him with being the person responsible for the deceased's downfall, and that, in this conversation, he impliedly admitted that he was guilty thereof, and said he would take the deceased to his home with him, and care for her; and that he did take the deceased home with him. The bill of exceptions then contains the following recitals relative to the examination of witness, Mrs. Martha Dixon: "The State's solicitor asked the witness this question, to-wit: 'What was her condition?' The defendant objected to the question on the ground that it was illegal, irrelevent, incompetent and called for a conclusion of the witness, which objection being considered by the court was by the court overruled, and the defendant then and there duly excepted. The witness answered: 'She was in a family way.' Defendant moved to exclude the answer of the witness on the same grounds as were interposed to the objection of the question, which motion being considered by the court was by the court overruled, and the defendant duly excepted."

J. W. Meadows on his examination as witness for the State testified that he was one of the coroner's jury to examine the body of Ella Hodges, and that on the shore of the bank, near where the body was found, he saw two tracks. He was then asked by the State the following question: "Were the two tracks of the same kind or different kinds?" The defendant objected to this question on the ground that it called for illegal, incompetent and immaterial evidence, and asked for the conclusion or opinion of the witness. The court overruled the objection, to which ruling the defendant duly excepted. Thereupon, the witness answered: "I saw two different tracks, made by different sized shoes." The defendant moved to exclude this answer from the jury upon the same ground as was interpose to the question calling for the answer. The court overruled the motion, and defendant duly excepted.

There was testimony on behalf of the defendant tending to show that he did not kill the deceased. The de-

fendant as a witness in his own behalf testified that he did not kill the deceased; and he further testified to the circumstances of his finding the body of the deceased in the mill pond.

Among the written charges given by the court to the jury at the request of the solicitor, to the giving of each of which the defendant duly excepted, was the following: (5.) "The State is not required to prove defendant's guilt beyond all doubt, but only to prove guilt beyond a reasonable doubt." The defendant requested the court to give to the jury, among others, the following written charges and separately excepted to the court's refusal to give each of the said charges as asked: (4.) "Each juryman must separately and segregately be satisfied beyond a reasonable doubt and to a moral certainty that defendant is guilty, or they must acquit him." (7.) "The court charges you, gentlemen of the jury, that if you are reasonably doubtful as to the proof in this case of any material allegation of the indictment, you must acquit the defendant."

BARNES & DUKE, for appellant.—The court erred in allowing the witness, Dr. Hendrick, to testify as to the character of the instrument that produced the wounds upon the body of the deceased. Before the opinion of expert evidence is admissible, the court should first ascertain whether the witness is an expert.—*Washington v. Cole*, 6 Ala. 212; *Tullis v. Kidd*, 12 Ala. 648; *G. C. I. Co. v. Stephens*, 51 Ala. 121; *Walker v. The State*, 53 Ala. 193; *McKee v. The State*, 82 Ala. 32; *Prince v. The State*, 100 Ala. 144.

The testimony of the witness, J. W. Meadows, as to whether or not the two tracks seen by him were of the same or different kinds, was inadmissible.—*Hodge v. The State*, 97 Ala. 37; *Livingston v. The State*, 105 Ala. 127; *Riley v. The State*, 88 Ala. 193; *Busby v. The State*, 77 Ala. 66; *Young v. The State*, 68 Ala. 569; *Gilmore v. State*, 99 Ala .154; *Terry v. The State*, 118 Ala. 79.

The fifth charge given by the court at the request of the State was ambiguous and misleading; and, therefore, it should have been refused.—*Smith v. The State*, 88 Ala. 23; *Blackshear v. The State*, 88 Ala. 35. The

[Littleton v. The State.]

fourth charge requested by the defendant should have been given.—*Carter v. The State*, 103 Ala. 93; *Grimes v. The State*, 105 Ala. 86. The seventh charge requested by the defendant asserted a correct proposition and should have been given.—*White v. The State*, 103 Ala. 72.

CHAS. G. BROWN, Attorney-General, for the State. It was shown that Dr. Hendrick was qualified to testify as an expert; and, after he had described the wounds and their appearance to the jury, it was competent for him to state as to what, in his opinion, was the character of the instrument which inflicted such wounds.—*Evans v. The State*, 25 So. Rep. 175; *Patterson v. S. & N. R. R. Co.*, 89 Ala. 321.

The court did not err in permitting the mother of the deceased to testify as to her condition at the time of her death.—*Herbert v. The State*, 72 Ala. 164; *Carson v. Moseley*, 30 Ala. 562.

The testimony of the witness Meadows as to the tracks he saw being of a different character was admissible as evidence.—*Morris v. The State*, 27 Ala. 327.

The court did not err in its rulings upon the charges requested.—*Avery v. The State*, 27 So. Rep. 526; *Floyd v. State*, 82 Ala. 16.

HARALSON, J.—1. It is not denied that Dr. F. G. Hendrick, witness for the State, was an expert as a physician and surgeon. He described the wounds of the deceased, stating that on an "examination of her body he found bruises on her throat,—three on one side and two on the other,—the three on one side were dark and bloodshot, each about the size of the end of one's finger, and the three were joined by lighter colored blood-shot appearance," etc. He was asked by the solicitor: "What in your opinion was the character of the instrument that produced the wound on the throat?" and he answered, that it was blunt. The defendant objected to both the question and answer, on the ground that the evidence called for and elicited was illegal, and was merely the opinion of the witness. The objections were properly overruled. The witness described the charac-

ter of the wounds, and it being a matter with which he was specially acquainted, he was competent to express an opinion in connection with the description he gave of the wound, and it was for the jury to receive the opinion in connection with the facts on which it was based. *Walker v. The State,* 58 Ala. 393; *Bernett v. The State,* 52 Ala. 370; *Prince v. The State,* 100 Ala. 145.

2. There was no error in allowing the witness, Martha Dixon, to testify, that the deceased "was in a family way." It was the mere statement of a collective fact, and admissible as such.—*S. & N. A. R. R. Co. v. McLendon,* 63 Ala. 275; *A. G. S. R. R. Co. v. Yarbrough,* 83 Ala. 242; *Thornton v. The State,* 113 Ala. 46.

3. The witness for the State, J. W. Meadows, testified that he saw two tracks on or near the body. He was asked by the solicitor: "Were the two tracks of the same or of different kinds?" In reply he stated, against the objection of defendant, that he "saw two different tracks made by different sized shoes." This was not an opinion of the witness from facts stated, in identification of the tracks, as to who made them, but it was a statement of a physical fact merely,—open to the senses of any one,—that there were two tracks at the place where the body was found, which were made by different sized shoes. This ruling was entirely in accordance with our former decisions on the subject.—*Hodge v. The State,* 97 Ala. 40; *Gilmore v. The State,* 99 Ala 155; *Terry v. The State,* 118 Ala. 79.

4. The correctness of the charges given for the State, except as to the one numbered 5, is not questioned by the defendant in argument, and the only vice he urges in this one is, that it is ambiguous and misleading. If this were a just criticism of the charge, it would not be ground for reversal for its giving.—*Avery v. The State,* 124 Ala. 20. But, it is not subject to this objection. It is neither ambiguous nor misleading, but the statement of a well settled legal principle, and refers alone to the defendant and not to another.

5. Charge 4 was properly refused. While the reasonable doubt postulated in the charge would be good ground for not convicting the defendant, as we have de-

cided (*Grimes v. The State*, 105 Ala 87), yet it would not be ground for his acquittal. The reasonable doubt or guilt by one juror, or by any number of them less than the entire twelve, could not affect the others who did not indulge such doubts, and unless all were reasonably doubtful of guilt, there could be no verdict of not guilty  Such a condition might work a mistrial, but never an acquittal.

6. The indictment contained four counts; the 1st charging the murder of Ella Hodges by defendant "by putting her into a mill pond whereby she was drowned;" the 2d, "by choking her and dragging her into a mill pond whereby she was drowned;" the 3d, "by beating her with some weapon unknown to the grand jury, and and putting her into a mill pond in some manner unknown to the grand jury, whereby she was drowned," and the 4th, "by beating her with some weapone unknown to the grand jury, and choking her in some manner unknown to the grand jury."

It thus appears, the killing of deceased is alleged in the first count to have been accomplished by defendant simply by drowning her in a mill pond, without stating the means by which he affected the drowning; that the second and third counts allege that he drowned her in the mill pond, and states the means by which he accomplished the result, and the fourth, that he killed her by beating and choking her. The 7th charge is directed to the entire indictment, and no single count thereof. The first and fourth counts, without special reference to the second and third, show very strikingly the vice of this charge. The jury, under the charge, might have believed beyond reasonable doubt that defendant killed deceased by merely drowning her, as charged in the first, and may not have believed beyond such doubt, that he killed her by beating and choking her, as charged in the fourth count; or, they may have believed beyond reasonable doubt that he killed her by beating and choking and not by drowning her. The averments of the manner in which deceased was killed, as charged in each of these counts, are material. The jury could not, under the charge, have found defendant guilty, unless they believed the averments on both of these counts, which con-

[The State v. Harold.]

tained different and inconsistent material averments,—a condition, the office of separate counts in an indictment was designed, among other things, to prevent.

This charge is a literal extract of one approved in *White v. The State*, 103 Ala. 72. It is noticeable that averments in each of the two counts in the indictment in that case, were in substance and legal effect the same, distinguishing the case from this one. Furthermore, there were no degrees in the offense there charged, as in the present case; and in *Stoball v. The State*, 116 Ala. 454, where the same instruction was asked in an indictment for murder, it was held, that as applied to the indictment in *White's Case, supra,* and offenses of which there are not differing degrees, each of which is comprehended in the general allegations of the indictment, the instruction was correct. But as applied in a case of murder, and other offenses of which there are degrees, it is erroneous.

The foregoing are the only errors insisted on in the argument of defendant's counsel. We have, however, examined the other exceptions taken in the course of the trial, and finding no error in any of the rulings of the court below, its judgment and sentence must be affirmed.

Affirmed.