# Rollings *v.* The State.

*Indictment for Using Obscene, Insulting or Abusive Language in the Presence of Females.*

1. *Indictment for using abusive, insulting or obscene language in presence of women; when opinion of witness admissible in evidence.*—On a trial under an indictment charging the defendant with using abusive, insulting or obscene language in the presence of a woman, it is competent for a witness, who was present and heard the language, to testify that in his judgment the woman was near enough to hear the language, or that in his judgment the language used by the defendant could have been heard by the woman in question.

2. *Charge of court to jury; not error to refuse those that are repetitions.*—In the trial of a criminal case, it is not error for the court to refuse to give at the request of the defendant a charge which is substantially a repetition of one given at the defendant's request.

3. *Indictment for using abusive, insulting or obscene language in the presence of female; argumentative charge properly refused.*—On a trial under an indictment for using abusive, insulting or obscene language in the presence of a female, a charge is properly refused as being argumentative which instructs the jury that "the fact, if it be a fact, that the female did not hear the language used by the defendant is a circumstance tending to show that it was not in the presence or hearing of the female."

4. *Same; charge of court to jury.*—On a trial under an indictment for using abusive, insulting or obscene language in the presence of a female, it is error for the court, after instructing the jury in its oral charge as to the jury's duty in imposing the fine, and as to the amount of fine allowed by law, to further instruct them that if they "believe beyond a

reasonable doubt from the evidence that the defendant used the language testified to by the witness in the presence or hearing of a female, then I charge you that the maximum fine of two hundred dollars is not too excessive;" such charge being invasive of the province of the jury. And the fact that the jury imposed a fine smaller than the maximum does not remove the prejudice of the error so committed by the court in instructing the jury.

APPEAL form the Circuit Court of Marshall.

Tried before the Hon. A. H. ALSTON.

The appellant in this case, John Rollings, was indicted and tried for using abusive, insulting or obscene language in the presence or hearing of a woman, was convicted of the offense charged and fined fifty dollars. The facts of the case are sufficiently stated in the opinion.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked:

(1.) "The court charges the jury that if what defendant said, spoken in the manner in which it was said, was not in the presence or hearing of a female, you should acquit defendant, and to require his acquittal it is sufficient, if the jury have a reasonable doubt of this fact." (2.) "If the jury have a reasonable doubt as to whether the language used was in the presence or hearing of a woman, you should acquit the defendant." (3.) "The court charges the jury that the fact, if it be a fact, that the female did not hear the language used by the defendant is a circumstance tending to show that it was not in the presence or hearing of the female." (4.) "Before you can convict the defendant, you must find beyond a reasonable doubt that what defendant said was near enough to be heard, spoken in the manner in which it was spoken."

The court at the request of the defendant gave to the jury several written charges, among which was the following: (2.) "If after considering all the evidence the jury have a reasonable doubt arising out of any part of the evidence as to whether the language used by the defendant was in the presence or hearing of a female, then the jury must find the defendant not guilty."

STREET & ISBELL, for appellant.—The charge of the court that if the defendant was guilty of using the language attributed to him by the witnesses the maximum fine of $200.00 would not be excessive was a manifest invasion of the province of the jury. The court has no more to do with that question than it does with the question of guilt or innocense.—Code, (1896) § 5420; *Bibb v. State,* 84 Ala. 13; 11 Enc. Plead & Pract. p. 209.

MASSEY WILSON, Attorney-General for the State. The court properly permitted the solicitor to ask the witness whether or not the language used by defendant could have been heard by the women in the house. *McVay v. State,* 100 Ala. 110.

SHARPE, J.—Defendant was tried upon an indictment charging him with using abusive, insulting or obscene language in the presence of a woman. There was evidence tending to show defendant while intoxicated uttered the objectionable language on the porch of a dwelling house in which there were women, and that on leaving the house he made a similar utterance while he was between the house and the yard gate. Against objection a witness examined about the occurrence on the porch was allowed to testify that in his judgment the females were near enough to hear the language, and with reference to what defendant said in the yard another witness was allowed to testify that in his judgment it could have been heard by the women in the house. These statements were not of conclusions merely, but being based on knowledge of the manner of the utterances and of the situation of the females, they were statements of collective facts proper to be admitted in evidence.—*McVay v. State,* 100 Ala. 110.

In the refusal of charges 1, 2 and 4 requested by defendant there was no error, because they were each in substance given in the second charge given at his request. Charge 3 was bad because it was a mere argument.

[Davis v. The State.]

Among other things the court instructed the court orally, "If you find the defendant guilty it then becomes your duty to assess a fine against him not exceeding two hundred dollars. It is for you to fix the amount of the fine. The court has no power to say what it shall be. If you believe beyond a reasonable doubt from the evidence that the defendant used the language testified to by the witnesses, in the presence or hearing of a female, then I charge you that the maximum fine of two hundred dollars would not be excessive." The instruction so given as to what would not be an excessive fine was erroneous. It invaded the jury's province in a matter which the law committed exclusively to their determination. It was naturally calculated to influence their verdict in the direction of the maximum fine, and that the verdict was not so influenced does not necessarily follow from the fact that the fine actually assessed was smaller than the maximum. See *Leech v. Waugh*, 24 Ill. 228; 11 Ency. Pl. & Pr. 209.

Reversed and remanded.