(93 South. 499)

**GRIGGS v. STATE. (5 Div. 387.)**

(Court of Appeals of Alabama. Jan. 31, 1922. Rehearing Denied Feb. 21, 1922. Reversed and Remanded by Supreme Court May 4, 1922.)

**1. Indictment and information ⬤➡110(31) — Indictment in language of statute for possessing still held sufficient.**

A count of an indictment for possessing a still, etc., was not subject to demurrer when it followed the language of Acts 1919, p. 1086, § 1.

**2. Criminal law ⬤➡394—Evidence admissible though obtained by illegal search.**

Evidence to sustain a conviction for possessing a still was properly admitted, although obtained while officers were making a search of defendant's premises without a search warrant.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Frank Griggs was convicted of violating the prohibition laws, and he appeals. Reversed and remanded on original hearing and on rehearing, but later affirmed in accordance with the mandate of the Supreme Court in the case of State ex rel. Attorney General, in re Frank Griggs v. State, 207 Ala. 453, 93 South. 501.

The facts on which the opinion is rested sufficiently appear therefrom.

Defendant was indicted under two counts. The first count being demurred to and demurrer sustained was eliminated, and defendant was tried on the second count charging possession of a still, etc. From the judgment of conviction he appeals.

Strother & Hines, of La Fayette, for appellant.

(Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss the issues presented by the appeal, but without citation of authority.

SAMFORD, J. [1] The second count in the indictment followed the language of the statute, Acts 1919, p. 1086, § 1, and therefore was not subject to the demurrer interposed.

[2] The evidence to sustain a conviction was obtained, while the officers were making a search of defendant's premises without a search warrant, and for this reason the evidence of the officers was objected to, and, objection being overruled, exception was reserved. We have recently held that this was not error. Banks v. State (Ala. App.) 93 South. 293.[1] However, this does not seem to be the rule in the federal court. Gouled v. U. S., 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647.

The witness Lane, testifying in behalf of the state, said that—

"He found a lard can that held about twenty gallons and two pieces of pipe in his (defendant's) dining room and a barrel of beer out in his crib; that it was a bucket of some kind for a cap; the can he found had been used around the fire, smoked; the condition of the inside of the can showed it had been mash in there, beer, it smelled like beer; that he was familiar with whisky stills, had seen them in operation, a good many of them over a long period, a good many years."

Counsel for the state was then, over the timely objection and exception of defendant, permitted to ask the witness this question, "Was it suitable for making whisky?" to which the witness answered, "It was." The court having sustained a demurrer to the first count of the indictment, it is clear that the inquiry could not relate to the barrel of beer found in the crib, for the reason that under the second count the prosecution related alone to an apparatus, which under section 2 of Acts 1919, p. 1086, approved September 30, 1919, must be commonly or generally used for or *that is suitable to be used* (italics ours) in the manufacture of prohibited liquors. Whether the articles referred to constituted such apparatus, the possession of which is condemned by the statute, is a question for the jury, and whether they were "suitable to be used" for that purpose was a material inquiry and directly involved in the trial of the cause; it being a material ingredient of the offense denounced by the statute.

[1] Ante, p. 376.

A witness cannot substitute his opinion or conclusion for that of the jury. Harris v. State, 31 Ala. 362; Smith v. State, 55 Ala. 1; Holmes v. State, 100 Ala. 80, 14 South. 864; Rowlan v. State, 14 Ala. App. 17, 70 South. 953. In the last-cited case Judge Brown has undertaken to point out the difference between a mere opinion and the statement of a collective fact, and has as nearly done so as can well be done.

On a prosecution for using abusive language in the presence or hearing of females, a witness may give his opinion as to whether the females were close enough to have heard the language spoken, as being the best method of conveying to the jury the loudness of the voice at the time the words were spoken, Rollings v. State, 136 Ala. 126, 34 South. 349; but it would never be held that the witness could give his opinion as to whether the words spoken were abusive. A witness might be permitted to testify that all of the shots fired were from the same pistol, where he is shown to have seen the flashes, Kroell's Case, 139 Ala. 1, 36 South. 1025; but he would not be permitted to say the shots were first fired with malice. A witness may state whether two tracks were of the same or different kinds, Littleton's Case, 128 Ala. 31, 29 South. 390; but would not be permitted to say that the person making the tracks was then in such position as to constitute a trespass. A witness may be permitted to say he saw something in defendant's pocket that looked like a pistol, Mayberry's Case, 107 Ala. 64, 18 South. 219, but not that the pistol was concealed from ordinary observation. And so instances might be multiplied going to show that the courts always recognize the rule that a witness may not substitute his opinion for the conclusion to be drawn by the jury, and we are not convinced that the importance of enforcing judgments of conviction in prohibition cases renders a change of the rules of evidence necessary or desirable, or that there should be one rule in prohibition cases and another rule in other criminal cases. Clark v. State, ante, p. 217, 90 South. 16.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Affirmed under mandate of Supreme Court, Ex parte State ex rel. Atty. Gen., in re Griggs, 207 Ala. 453, 93 South. 501.

MERRITT, J. (dissenting). I cannot agree with the majority opinion in this case, and the following expresses my ideas on the question of evidence, upon which I disagree with my associates:

The witness Lane testified for the state that he found at the defendant's house a lard can that held about twenty gallons, and two pieces of pipe in his dining room, and a barrel of beer out in his crib; that a bucket of some kind was used for a cap; the can we found had been used around the fire,

smoked; the condition of the inside of the can showed it had been mash in there, beer, it smelled like beer; that he was familiar with whisky stills, had seen them in operation, a good many of them, over a long period, a good many years. The court thereupon allowed the witness to answer "that it (what was found there) was suitable for making whisky." In this ruling there was no error. This character of evidence was a conclusion of facts, which are denominated by our courts "shorthand rendering of facts," to distinguish them from mere gratuitous opinions and conjectures of the witness.

We can draw no reasonable difference between this statement and the statements that, on a prosecution for using abusive language in the hearing of females, a witness may state that in his opinion the females were near enough to have heard it, Rollings v. State, 136 Ala. 126, 34 South. 349; that a witness may give his opinion whether or not one man could have fired several shots where he was in a position to see the flashes of light and to hear the reports from the shots, Kroell v. State, 139 Ala. 1, 36 South. 1025; Mayberry v. State, 107 Ala. 64, 18 South. 219; that a witness may state whether or not there were two tracks of the same or different kinds, Littleton v. State, 128 Ala. 37, 29 South. 390; Terry v. State, 118 Ala. 79, 23 South. 776; that a witness may state that certain work was done in a workmanlike manner, 7 Mayfield, Digest, p. 320; that a witness may properly be asked the question, "Was that ditch any deeper than was necessary in order to make it take off the water?" Alexander v. Smith, 3 Ala. App. 510, 57 South. 104; that in an action for death under a locomotive, witness could say whether the engineer could have seen deceased, Porter v. L. & N. R. R., 202 Ala. 139, 79 South. 605; that in a prosecution for carrying a pistol concealed about one's person, a witness may state that he "saw something in defendant's right hip pocket that looked like a pistol," Mayberry v. State, 107 Ala. 64, 18 South. 219; that in an action to recover damages for the conversion of cotton raised on lands of the plaintiff, whereby the lien of the plaintiff was lost, a witness, although he stated he did not know how much cotton was raised on certain land, may nevertheless give his best judgment as to how much cotton was raised on this particular land, Baker v. Cotney, 142 Ala. 566, 38 South. 131; that a witness may give his opinion as to whether certain shots that he heard were fired from a large or small caliber pistol, Suttle v. State (Ala. App., present term) 92 South. 531; [2] that on a trial under an indictment for murder, it was competent for a witness to testify that the unexploded cartridges in the pistol which was taken from the defendant looked as if they had been recently snapped, Orr v. State, 117 Ala. 69, 23 South. 696; that on a prosecution for vagrancy a witness may testify that a certain hotel was a gambling house, Brannon v. State, 16 Ala. App. 259, 76 South. 991; Ex parte Brannon, 201 Ala. 695, 77 South. 999; that a witness may state in a homicide case that he heard deceased "cursing" just at or prior to the homicide, Johnson v. State, 15 Ala. App. 194, 72 South. 766; Fuller v. State, 117 Ala. 36, 23 South. 688; and many other cases, decided by the Supreme Court and this court, all of which authorities are collected in 7 Mayfield, Digest, p. 320.

The Rowlan Case, relied on by the majority opinion, seems to lay down this test, as to the introduction of evidence of the character under discussion:

"Where a fact cannot be reproduced and made apparent to the jury, a witness may describe the fact according to the effect produced on his mind."

How the fact of the smell of the beer on the lard can, as testified to by the witness Lane, could be reproduced and made apparent to the jury, might be a pertinent inquiry under the Rowlan Case. Moreover, the testimony shows that the can, pipes, and other things found by the witness Lane had all been destroyed.

The principal fact to be proved was that at a particular time the defendant was in possession of a still, apparatus or appliance, or any device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors. The fact that he had at that time in his possession something, some appliance, apparatus, device, or substitute therefor, that was suitable to be used in the manufacture of prohibited liquors, was material and relevant; it had a tendency to prove the principal fact, that being suitable to be used for this purpose, its possession was for such purpose; consequently the lawmakers declared in section 2 of the act that—

"The unexplained possession of any part or parts of any still, apparatus, appliance or any device or substitute therefor, commonly or generally used for or that is suitable to be used in the manufacture of prohibited liquors and beverages shall be prima facie evidence of a violation of this act."

The witness was subject to cross-examination, and if a more particular description of the articles, apparatus, or appliances was deemed necessary, it could have been elicited, and it may be the weight of the evidence lessened or destroyed; but of itself the evidence was admissible.

The above cases, clearly to my mind, lay down the rule as to exceptions which makes the testimony admissible. I can therefore see no reason for making the case at bar an exception to the exception rule.

---

[2] Ante, p. 223.