(93 South. 501)

**Ex parte STATE ex rel. DAVIS, Atty. Gen.**

**In re GRIGGS.**

**(5 Div. 824.)**

(Supreme Court of Alabama. May 4, 1922.)

Criminal law ⬤459—Not error to admit testimony that appliance found by witness was suitable for making whisky.

On a trial for possessing a still, where a witness testified that he found a lard can and two pieces of pipe and a barrel of beer with a bucket of some kind for a cap on defendant's premises, that the can had been used around a fire and had been smoked, and that its condition showed mash and beer had been in it, that it smelled like beer, and that he was familiar with whisky stills, it was not error to permit him to testify that it was suitable for making whisky.

Certiorari to Court of Appeals.

Frank Griggs was convicted of an offense, and the judgment was reversed by the Court of Appeals (93 South. 499), and the State, on relation of Harwell G. Davis, Attorney General, brings certiorari. Certiorari awarded, and judgment reversed and case remanded.

For the facts of the case, see the opinion of the Court of Appeals (93 South. 499).

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for petitioner. James A. Hines, of La Fayette, opposed.

PER CURIAM. Petition of the state of Alabama, on the relation of its Attorney General, for certiorari to the Court of Appeals to review and revise the judgment of said court rendered in the case of Frank Griggs v. State, 93 South. 499. The court holds that the Court of Appeals erred in its ruling by which the judgment of the trial court was reversed.

Certiorari awarded; reversed and remanded.