### GOWEN v. STATE. (8 Div. 913.)

(Court of Appeals of Alabama. May 30, 1922.)

**1. Criminal law ⚖➙1045—Overruling of demurrers not considered, where demurrers have not been passed upon.**

Where demurrers do not appear to have been passed upon by the court, the contention that the court erred in overruling the demurrers will not be considered on appeal.

**2. Criminal law ⚖➙696(5)—Refusal to exclude answer to question to which no objection was interposed not error.**

Where no objection was interposed to question, refusal to exclude answer of witness was not error.

**3. Intoxicating liquors ⚖➙226—In prosecution for distilling liquor, testimony as to smallness or largeness of still held inadmissible.**

In prosecution for distilling or manufacturing prohibited liquor, exclusion of answer to question, "That was a pretty small outfit for a still, wasn't it?" held proper, since the smallness or largeness of the still was not in issue.

**4. Criminal law ⚖➙448(7)—Question as to size of still held improper, as calling for a conclusion of the witness.**

In prosecution for distilling or manufacturing prohibited liquor, question, "That was a pretty small outfit for a still wasn't it?" held improper, as calling for a conclusion of the witness.

**5. Intoxicating liquors ⚖➙233(2) — Evidence that barrels containing ingredients used in making liquors were found at the still held admissible.**

In prosecution for distilling or manufacturing intoxicating liquor, it was competent for the state to show that barrels containing still slops, constituting ingredients used in the making of liquors described in the indictment, were found about the still place, where the evidence tended to show the defendant made such liquors.

**6. Intoxicating liquors ⚖➙227—Testimony that defendant had been drinking at time of arrest two miles distant from place where liquor was alleged to have been manufactured held inadmissible.**

In prosecution for distilling and manufacturing intoxicating liquor, in which there was undisputed evidence that the defendant was arrested about two miles from his home, where he was alleged to have manufactured the liquor, as he was returning from another place some miles distant, where he had been for a couple of days, testimony that he was drinking at the time of his arrest, and that his breath smelled like corn liquor, held inadmissible.

**7. Witnesses ⚖➙268(16) — Refusal to permit cross-examination of witness as to fact brought out on direct examination held error.**

Where the state showed on the cross-examination of the defendant that he had left the state after he had made bond for his appearance, and on redirect examination produced a witness who testified that he was employed by defendant's bondsmen to pursue and capture defendant in other state, refusal to permit defendant to cross-examine witness as to whether he had not pursued defendant with a warrant for his arrest on an entirely different charge held reversible error, since such testimony would have been relevant in refutation of what the witness had sworn to in his direct examination, and would have explained why he had gone to other state.

⚖➙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Archie Gowen was convicted for violating the prohibition law, and he appealed. Reversed and remanded.

Simpson & Simpson, of Florence, for appellant.

Counsel discussed the demurrers, but in view of the opinion it will not be necessary to here set it out. The defendant was entitled to the affirmative charge, under the facts in this case. 92 Ala. 607, 8 South. 384; 81 South. 366; 90 South. 42; ante, p. 116, 90 South. 135. Under these authorities, the court erred in admitting the evidence alleged for error. Counsel discuss the charges refused, with citation of authority, but in view of the opinion it will not be necessary to here set it out. The court was in error in permitting it to be shown that the defendant's breath smelled like corn whisky. 7 Mayfield, 307; 74 S. W. 913; 6 Am. Dig. 338.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The demurrers, not appearing of record, are not presented for review. There was no error in the admission of evidence. 192 Ala. 373, 68 South. 283; 4 Michie's Dig. 130.

MERRITT, J. [1] The appellant was convicted under an indictment which charged him with the distillation or manufacture of alcoholic, spirituous, or malt liquors subsequent to January 25, 1919. The demurrers set out in the record, the overruling of which, the appellant insists was error, do not appear from the judgment entry to have been passed upon by the court, and, this being so, there is no ruling on them presented for our review.

[2] There was no error in the court refusing to exclude the answer of the witness Weathers to the question, "Was there any sign on the furnace there inside the fireplace where it had been sitting?" for the reason that no objection was interposed to the question. Atlanta & St. Andrews Bay Ry. v. Fowler, 192 Ala. 373, 68 South. 283.

[3, 4] There was no error in sustaining the solicitor's objection to the question, propounded to the witness Frank Weathers, "That was a pretty small outfit for a still wasn't it?" The smallness or largeness of the still was not a question in issue here, and, if so, this testimony called for a conclusion of the witness.

[5] It was competent for the state to show that about the still place, where the evidence tends to show the defendant made the liquors described in the indictment, there were found barrels containing still slops; these being ingredients used in the making of such liquors as described in the indictment.

[6] The state was allowed to prove over the objection of the defendant that at the time of his arrest he was drinking; that a witness smelled the defendant's breath, and it smelled like corn liquor. The testimony was without conflict that the defendant was arrested about two miles from his home, the place where the manufacture of the liquor is alleged to have taken place, as he was returning from another place some miles distant, where he had been a couple of days. The theory of the state must have been that, as there was some testimony that sprouted corn was found about the still place, that the odor of corn liquor on the defendant's breath implied that he had manufactured and imbibed of the finished product, and of the product he himself had manufactured. But it is a long ways from sprouted corn to finished corn liquor, in these days when the law enforcement officer sleepeth not, and it is a farther ways, and would require a mighty stretch of fancy, to say that because a person has the smell of corn liquor on his breath, and is so fortunate as to have some corn, sprouted or unsprouted, on his premises, this fact is of some evidential value for a jury to weigh against him in determining his guilt vel non for the manufacture of liquor. The smell of corn liquor on a person's breath under the facts as set out in this case should not be submitted to the jury, in determining whether he manufactured liquor, even corn liquor. It might be a dangerous precedent to say that the smell of liquor on one's breath implied the manufacture of such liquor. This was not a "breath of suspicion" against the defendant.

[7] On cross-examination of the defendant the state was permitted to show that the defendant had left the state of Alabama, and had gone to the state of Mississippi, after he had made bond for his appearance under the charge for which he was then being tried. On redirect examination the state offered a witness who testified on his direct examination over the objection of the defendant that he was employed by the bondsmen of the defendant to pursue and catch him in the state of Mississippi. On cross-examination of this witness the defendant offered to show that the witness went to the state of Mississippi with a warrant for his arrest on an entirely different charge, which warrant was shown the defendant at that time. The court refused to permit the witness to be cross-examined as to this fact, and in so ruling committed reversible error. This testimony, if shown, was legal and relevant in refutation of what the witness had sworn in his direct examination, and would have been in explanation of what the witness in fact went to Mississippi for. We find no error in the other rulings of the court on the evidence.

For the errors pointed out the judgment appealed from must be reversed, and the cause remanded.

Reversed and remanded.