## POPE v. STATE. (6 Div. 196.)

(Court of Appeals of Alabama. Jan. 16, 1923.)

Criminal law ⊝⇒394—Admission of evidence obtained without search warrant held not error.

Where an officer, accompanied by a witness, went to defendant's house to arrest him for a violation of the prohibition law, and while there saw liquor in large quantities in every room in the house, his testimony and that of the witness as to seeing the liquor was admissible, though the officer had no search warrant.

Appeal from Circuit Court, Jefferson County; George Ross, Special Judge.

Martin Pope was convicted of a violation of the prohibition laws, and he appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

Counsel insist that the search of defendant's premises was illegal, and that evidence gained thereby was inadmissible, citing Const. Ala. 1901, § 5; 254 U. S. 17, 41 Sup. Ct. 11, 65 L. Ed. 104; 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647.

Harwell G. Davis, Atty. Gen., Lamar Field, Asst. Atty. Gen., and Ben G. Perry, Deputy Sol., of Bessemer, for the State.

Although whisky may be found in the home of a defendant, without a search warrant, nevertheless the officers may testify as to what they found. 151 La. 938, 92 South. 393; 18 Ala. App. 467, 93 South. 499.

BRICKEN, P. J. The evidence in this case is without conflict. It discloses that state witness Kemp was a deputy sheriff of Jefferson county, and that he had in his possession for execution a capias for the arrest of this defendant. Accompanied by one Clare (also a witness for the state), he went to the home of defendant to arrest him upon the capias, and found the defendant at home and in his dwelling house. While in the house the state's witnesses saw large quantities of whisky therein; as stated by the witnesses, "We saw whisky sitting around in every room of the house." The defendant offered no testimony, and, as before stated, all this testimony is without dispute.

Upon inquiry by counsel for defendant, it was shown that the officers had no search warrant authorizing them to search the premises of defendant, and because of this fact it is insisted that the court erred in permitting the witnesses to testify, over the objection and exception of defendant, as to the finding of the whisky by them in defendant's home. This is the only insistence of error presented, and, as the identical question has been decided adversely to the contention here made, it is unnecessary for this court to make further comment. See Banks v. State, 207 Ala. 179, 180, 93 South. 293, 297, "response of Supreme Court to certified questions;" also Griggs v. State, 18 Ala. App. 467, 93 South. 499.

The record contains no error, and the judgment appealed from is affirmed.

Affirmed.