## MILLER v. STATE.  (7 Div. 840.)

(Court of Appeals of Alabama.  Jan. 30, 1923. Rehearing Denied March 6, 1923.)

1. **Intoxicating liquors** ⊚⟹209—**Indictment for manufacturing liquors and possessing still for such purpose held sufficient.**

An indictment charging that, before the finding thereof and since a certain date, defendant distilled, made, or manufactured alcoholic, spirituous, etc., liquors or beverages, and since a later date manufactured, sold, gave away or had in his possession a still, etc., to be used for manufacturing prohibited liquors or beverages, *held* sufficient.

2. **Courts** ⊚⟹91(1)—**Court of Appeals follows Supreme Court decisions on admissibility of testimony.**

The Court of Appeals follows the decisions of the Supreme Court that testimony, in a prosecution for possessing a still for manufacturing prohibited liquors, that the apparatus captured was a device on which whisky could have been made, is admissible.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Chris Miller was convicted of possessing a still, etc., and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Chris Miller, 209 Ala. 700, 95 South. 922.

The indictment reads:

"The grand jury of said county charge that, before the finding of this indictment and since January 25, 1919, Chris Miller distilled, made, or manufactured alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol.

"The grand jury of said county further charge that, before the finding of this indictment and since November 30, 1919, Chris Miller manufactured, sold, gave away, or had in his possession a still, apparatus, appliance, or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, against the peace and dignity of the state of Alabama."

Hugh Reed, of Center, for appellant.

It was error to overrule defendant's objection to the question, "Were they a device or still or apparatus or appliance on which whisky could have been made?" An answer to this question could be nothing more than an opinion. 82 Ala. 32, 2 South. 451; 54 Ala. 579; 58 Ala. 392; 117 Ala. 69, 23 South. 696; 100 Ala. 80, 14 South. 864; 135 Ala. 504, 33 South. 482.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] We have several times held the indictment to be sufficient. Morris v. State, 18 Ala. App. 456, 93 South. 61.

---

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] The state's witness, over the objection of defendant, was permitted to testify that the apparatus captured was a device on which whisky could have been made. In Griggs v. State, 18 Ala. App. 467, 93 South. 499, the writer and the presiding judge of this court held in line with appellant's contention, but the Supreme Court, in Ex parte State ex rel. Davis, etc., 207 Ala. 453, 93 South. 501, took a different view. Under the law, we follow the decisions of the Supreme Court.

Charge 2 is nothing more or less than an instruction to the jury that they must believe from the evidence, beyond a reasonable doubt, that defendant was in the possession of the still before he could be convicted. This had already been charged by the court.

We find no error in the record, and the judgment is affirmed.

Affirmed.