## WRIGHT v. STATE. (7 Div. 839.)

(Court of Appeals of Alabama. Feb. 6, 1923.)

1. **Indictment and information** ⊂⊃125(31)— **Intoxicating liquors** ⊂⊃209—Indictment held sufficient and not demurrable as disjunctive.

An indictment charging that accused "manufactured, sold, gave away, or had in his possession a still, apparatus, appliance, or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages," held not demurrable because of failure to state what the apparatus, etc., consisted of; because violation was stated in the disjunctive; or for failure to show what defendant manufactured, etc.

2. **Intoxicating liquors** ⊂⊃233(2)—Held not error to allow witness to describe a still.

Where, in a prosecution for violating the prohibition laws, a witness testified that he saw accused run away from a still, it was not error to overrule objection to question, "What kind of a still was it?" and to allow witness to describe the still.

3. **Criminal law** ⊂⊃364(4), 448(11)—Testimony of what accused was doing just before and at the time of the arrest held admissible as part of the res gestæ and inadmissible as a conclusion.

In a prosecution for violation of prohibition laws, testimony of witness that accused had a still, giving the description thereof, and stating what accused and others were doing just before and at the time officers made the raid, was admissible as part of the res gestæ, and was not objectionable as being a conclusion of witness.

4. **Criminal law** ⊂⊃517(2)—Confession voluntarily made held properly admitted.

In a prosecution for violation of prohibition laws, confession made by accused which was voluntarily made was properly admitted.

5. **Intoxicating liquors** ⊂⊃236(5)—Evidence held to warrant verdict.

Evidence as to defendant's possession of a still and his flight held sufficient to sustain conviction of violation of the prohibition law.

6. **Criminal law** ⊂⊃878(5)—Verdict of "guilty as charged in the indictment," where first count had been ruled out, was referable to second count.

A general verdict of "guilty as charged in the indictment," where the indictment was in two counts and the first count had been charged out by the court, was referable to the count submitted, and not to the count ruled out.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Will Wright was convicted of a violation of the prohibition laws, and he appeals. Affirmed.

Count 2 of the indictment is as follows:

"The grand jury of said county further charge that, before the finding of this indict-

ment and since November 30, 1919, Will Wright manufactured, sold, gave away, or had in his possession a still, apparatus, appliance, or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, against the peace and dignity of the state of Alabama."

To this count defendant demurred as follows:

"(9) It does not appear therefrom what the alleged apparatus consisted of.

"(10) It does not appear therefrom what the alleged appliance consisted of.

"(11) It does not appear what the alleged device or substitute for a still consisted of.

"(12) The means constituting the violation of the statute as herein complained is averred in the disjunctive.

"(13) It does not appear from said count what defendant manufactured, or sold, or gave away, or had in his possession."

Hugh Reed, of Center, for appellant.

Count 2 contained disjunctive averments, and was subject to demurrer. It was error to overrule objection to the question to the witness Davis, viz.: What kind of a still was it? 117 Ala. 69, 23 South. 696; 100 Ala. 80, 14 South. 864; 82 Ala. 32, 2 South. 451.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Count 2 of the indictment was not subject to demurrer. 18 Ala. App. 467, 93 South. 499. It was permissible for witnesses to state what they found, as a part of the res gestæ. 207 Ala. 453, 93 South. 501.

BRICKEN, P. J. [1] The indictment was not subject to the demurrers interposed, and the court did not err in overruling them. Griggs v. State, 18 Ala. App. 467, 93 South. 499.

[2] State witness Albert Davis testified that he knew the defendant Will Wright, and that he saw him run off from a still, and that he saw the still, etc. Under the elementary rule of evidence, the court committed no error in overruling objection of defendant to the question propounded by the solicitor to this witness, "What kind of a still was it?" Nor was there any error in permitting the witness to describe the still in question.

[3] John Weems, witness for the state, testified:

"I was with the officers last year when this raid was made. I was a deputy sheriff and went down to the still where some of the parties were arrested. The defendant was there. He ran. We had been there half or three-quarters of an hour before we went down on them. We were 30 or 40 yards away; we could hear them talking."

Solicitor then asked this witness, "Did they have a still there? To which question defendant interposed several objections. The question was proper, and the court committed no error in overruling the objection. It is permissible for a witness to testify to the substantive fact that they—the defendant and others—had a still, also to describe it, and to state what the defendant and others were doing, at, and just before, the time the officers made the raid. These facts are of the res gestæ of the offense, and are not objectionable as being a conclusion on the part of the witness. Ex parte State ex rel. Davis, 207 Ala. 453, 93 South. 501.

[4] The confessions made by defendant were properly admitted. The predicates for the introduction of these confessions were full and complete and met every requirement. The confessions were shown to have been made freely and voluntarily by defendant. The court properly overruled the objections in this connection.

The defendant offered no testimony, and, at the conclusion of the testimony offered by the state, requested the affirmative charge as to count 1 of the indictment, and as there was no evidence to sustain the charge contained in count 1, the court properly gave said charge to the jury; and after his oral charge submitted the case to the jury under count 2 of the indictment.

[5, 6] There was ample evidence to sustain this count. The mere fact that the jury returned a general verdict of "guilty as charged in the indictment" cannot avail the defendant, and the insistence here made in this connection is without merit. At the instance of the defendant count 1 of the indictment had been charged out by the court, the indictment submitted to the jury therefore contained for their consideration only one count, and the verdict rendered was referable to the charge remaining in the indictment and submitted to the jury by the court. Under no condition could it be made referable to the first count, as the court had given the affirmative charge as to that count, and it was therefore not before the jury for consideration.

The motion for new trial was properly overruled. No error appearing in the record, the judgment appealed from is affirmed.

Affirmed.