LOVE v. STATE. (6 Div. 254.)*

(Court of Appeals of Alabama. May 29, 1923. Rehearing Denied June 26, 1923.)

1. Intoxicating liquors ⬅️232—Proof that defendant's guests were intoxicated and smelled of corn whisky held competent.

Where it was shown that whisky, beer, empty jugs smelling like whisky, and empty beer bottles were found on defendant's premises, it was competent to prove that people there as his guests were intoxicated, and that their breaths smelled of corn whisky.

2. Criminal law ⬅️1054(1)—Admission of testimony not excepted to not reviewable.

Admission of testimony, to which no exception was reserved is not reviewable.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Jim Love was convicted of possessing liquor, and he appeals. Affirmed.

Thos. J. Judge and Clarence Mullins, both of Birmingham, for appellant.

It was error to allow testimony that attendants at the barbecue had been drinking and that witnesses smelled whisky on their breath. Treadaway v. State, 18 Ala. App, 409, 92 South. 529; Gowen v. State, 18 Ala. App. 542, 93 South. 281.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Evidence that parties present at the barbecue were drinking and had the smell of whisky on their breath was properly admitted. Treadaway v. State, 18 Ala. App. 409, 92 South. 529.

SAMFORD, J. Without setting out the tendencies of the evidence, which could serve no good purpose in this case, we hold that the evidence amply justifies the conclusions reached by the trial court.

[1] The defendant was charged in the first count with selling or keeping for sale prohibited liquors. We held in the Treadway Case, 207 Ala. 715, 92 South. 529, that, when it was shown that a quantity of whisky was found in the back room of defendant's place of business, the front room opening on

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Certiorari denied 210 Ala. 699, 97 South. 923.

the street being used for a barber shop and the back room for a bedroom; it was competent for the state to prove that along about the time the whisky was found drunken people were observed in and around defendant's barber shop. Following that authority we now hold that, where a defendant is maintaining a barbecue stand, where barbecue is cooked and served at regular intervals, out in the country near his house, under the trees and in the woods near his house, and it is shown there were whisky and empty jugs and empty beer bottles (the jugs smelling like whisky), and a tub full of bottles filled with beer in a stream of cool water, and ice packed all around the bottles, and it is further shown that people were congregated near the barbecue stand, and all being on land belonging to or rented by defendant, it is competent to prove that the people who were there as defendant's guests were intoxicated, and that there was a smell of corn whisky on their breath. This court did hold in Gowen's Case, 18 Ala. App. 542, 93 South. 281, that the smell of corn whisky on a man's breath, two miles away from a still, and two days after he could have been near the still involved in that case, was not evidence that defendant had manufactured whisky, and we adhere to the holding there made; but if whisky is found on one man's premises, and other men who are guests of the owner have the odor of corn whisky on their breath, the conclusion to be drawn is almost irresistible.

[2] No exception was reserved to the testimony as to the defendant's business, and hence there is no ruling of the court on that question to be reviewed.

Some of the older citizens of this generation have more or less pleasant recollections of the old-time Southern barbecue, with all of its attendant surroundings and embellishment. The isolated woods, the quiet seclusion of the forest, the cooling waters of the nearby brook, away from the whirling throng and the maddening crowd of cities, the savory odors from the roasting carcass, rising like incense to the nostrils of the waiting guests, the amber liquid in pint bottles packed in ice, with which to quench the thirst on a hot day, and bottles and jugs of well-aged spirits frumenti to quicken the blood and whet the appetite for the repast, the meeting of friends and neighbors in friendly intercourse, forgetting for the time the worries and troubles of business—such is the scene depicted by the evidence in this case, with the additional proof that the place was in the possession of and being maintained by defendant, who staged these barbecues at stated intervals for such guests whom he invited, and who were entertained by defendant for a profit. But bad men have misused these things to such an extent that,

to save our civilization, laws have been passed making such scenes a crime, and all good citizens will obey these laws, and all others must be made to do so.

We find no error in the record, and the judgment is affirmed.

Affirmed