(100 South. 199)

## CARTER v. STATE. (8 Div. 173.)

(Court of Appeals of Alabama. May 20, 1924.)

1. **Intoxicating liquors** &#9756;233(1)—**Proof that defendant smelled of whisky held relevant.**

After proof that defendant was seen coming from a still where whisky had been recently made, going towards his house carrying glass demijohn, it was relevant to prove that he had about him the smell of whisky.

2. **Criminal law** &#9756;472—**Expert testimony as to liquor and articles of still found held competent.**

Testimony by expert witness that whisky taken in raid was corn whisky, that the slop was "still slop," that a keg found was a "thumper," and a box a "thumper box," and in explanation of the uses of these various articles, *held* competent.

3. **Witnesses** &#9756;344(1)—**Proof that witness ran from still when raided held admissible.**

Proof that one of defendant's witnesses ran from still when raided *held* admissible as tending to impeach.

Appeal from Circuit Court, Lauderdale County; Arthur E. Gamble, Judge.

Mint Carter was convicted of violating the prohibition law, and appeals. Affirmed.

Bradshaw & Barnett, of Florence, for appellant.

The fact that whisky was smelled on defendant's breath is not evidence that he manufactured whisky. Gowen v. State, 18 Ala. App. 542, 93 South. 281. It was for the jury to determine the kind of whisky found and whether it was the product of the still. Murphy v. State, 18 Ala. App. 212, 89 South. 900.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Evidence that defendant's breath smelled of whisky was admissible. Love v. State, 19 Ala. App. 293, 97 South. 126. It was proper to show the character of keg used. Ex parte State, 207 Ala. 453, 93 South. 501.

SAMFORD, J. [1] It having been shown that defendant was seen coming from a place where the indications were whisky had been recently distilled, that this place was near defendant's house, that defendant was 25 yards from the still place, coming from towards the still place towards his house, that he had a glass demijohn, that defendant's house was 50 or 75 yards from the still place, it was relevant to prove that defendant had the smell of whisky on him. This fact tended to connect defendant with the finished product of the still. This court did hold, in a special case, and under a state of facts not here involved, that evidence that a man's breath smelled of whisky did not connect the defendant with its manufacture. Gowen's Case, 18 Ala. App. 542, 93 South. 281, but in Love's Case (Ala. App.) 97 South. 126,[1] the Gowen Case was qualified and limited.

[2] It having been shown by the evidence that whisky was found at defendant's house at the time the raid in this case was made, it was competent for a witness who knew to testify that it was corn whisky. The witness Sam Weathers qualified as an expert in stills and whisky making by distillation. Having so qualified, he could testify that the whisky found was "corn whisky"; that the slop was "still slop"; that the keg found was a "thumper"; that a box found there, a part of which was copper, was a "thumper box," and it was also competent for this witness to explain to the jury the purposes for which these various articles were designed or used. Ex parte State ex. rel. Davis, Atty. Gen., 207 Ala. 453, 93 South. 501.

[3] There was no error in permitting the state to prove that Will Chandler, a defendant's witness, ran from the still at the time

---

&#9756;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 293.

of the raid, as tending to impeach the testimony of Chandler.

There is no error in the record, and the judgment is affirmed.

Affirmed.