## TARTT v. STATE.   (2 Div. 315.)

(Court of Appeals of Alabama.   Sept. 2, 1924.)

**1. Criminal law ☞892—Clerical error in minute entry of verdict not cause for reversal.**

Where minute entry, in reciting verdict, stated, "Thereupon came a jury of good and lawful *me*, to wit," naming foreman and eleven

others, omission of last letter in word "men," was not such error as to cause reversal.

**2. Intoxicating liquors ⬤⟾238(1)—Evidence of possession of still held sufficient to go to jury.**

In a prosecution for possessing a still suitable for manufacturing whisky, evidence *held* sufficient to go to the jury.

Appeal from Circuit Court, Sumter County; John McKinley, Judge.

Jesse Tartt was convicted of possessing a still, and appeals. Affirmed.

Geo. O. Miller, of Livingston, for appellant.

Counsel urges that the defendant was not shown to be in possession of a still, and that the judgment entry is incomplete, citing. Mills v. State, 17 Ala. App. 493, 85 South. 867; Pate v. State, 19 Ala. App. 243, 96 South. 650; Adams v. State, 18 Ala. App. 143, 90 South. 42; Guin v. State, 19 Ala. App. 67, 94 South. 788; Gamble v. State, 19 Ala. App. 82, 95 South. 202.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

The burden of showing error is upon appellant. Durden v. State, 18 Ala. App. 498, 93 South. 342. The judgment is sustained by the evidence. Grissett v. State, 18 Ala. App. 675, 94 South. 271.

SAMFORD, J. [1] It is first insisted that the verdict as recited in the minute entry will not support a conviction, for that the last letter in the word "men" is omitted. The minute entry reads: "Thereupon came a jury of good and lawful *me*, to wit," etc., naming the foreman and 11 others. This is a self-correcting error. The omission is so patently clerical, not affecting the validity of the verdict, as to need no discussion.

[2] It is next insisted that the evidence fails to show the possession of a still, or parts of a still, suitable to be used for manufacturing whisky. The sheriff and his deputy described the outfit found in defendant's possession, and, after qualifying as to his knowledge of such things, testified that when the parts found were put together, they would constitute a complete whisky still, and that it was suitable for making whisky. The possession of a similar outfit was held to sustain a conviction in Griggs v. State, 18 Ala. App. 467, 93 South. 499. The question for the jury.

We find no error in the record, and the judgment is affirmed.

Affirmed.