## GRAY et al. v. WOOD.

### 8 Div. 119.

Supreme Court of Alabama.

March 20, 1930.

588

W. W. Malone, of Athens, and A. J. Harris, of Decatur, for appellee.

J. G. Rankin, of Athens, for appellants.

SAYRE, J.

Appellee recovered judgment against appellants for work and labor done and materials furnished in the erection of a warehouse. The two counts of the complaint, the first alleging an indebtedness on account, the second claiming a recovery for work and labor done and materials furnished are in the form of the common counts substantially to which are added allegations intended and apt to the intent of fixing a lien upon the property of appellants, described in the counts, in agreement with section 8832 et seq. of Code.

■■ Plaintiff described herself in the caption of her complaint as administratrix of the estate of John R. Wood, deceased. One ground of defendant's demurrer, to wit, that the body of the complaint failed to show plaintiff's representative character, was cured by amendment. Consideration of other grounds going to the sufficiency of the counts as seeking a lien on the property might be pretermitted for the reason that, while the jury found that plaintiff was entitled to a lien on the property described in the complaint, the judgment entered by the court in pursuance of that verdict failed to declare the lien—consideration of this question might be pretermitted, but for a question of evidence to be hereafter noted. It is true that in a declaration on a contract, the contract must be set out in verbis or its legal effect must be alleged along with facts showing defendant's obligation. Moundville Lumber Co. v. Warren, 203 Ala. 488, 83 So. 479. The ground of demurrer now insisted on appears to be that there is a lack of allegation that plaintiff's intestate performed his part of the contract. The allegation is that the amount claimed "is due for materials furnished and services rendered under a contract * * * wherein the plaintiff's said intestate furnished the material and performed the labor and constructed a brick warehouse (describing the property). * * * Plaintiff avers that said building was completed on or about January 10, 1928, and a balance due her said intestate for work and labor and materials furnished was, to-wit:" etc. These allegations sufficiently informed defendants what the suit was for, and the performance of plaintiff's intestate of his undertaking witnessed by the contract. The demurrer was overruled without error.

■ Charge D. was refused to defendants without error. It was permissible that plaintiff recover under her complaint for the value of the work and labor. done and materials furnished by her intestate, if accepted by defendants, even though intestate failed to comply in all respects with the plans and specifications, according to which the warehouse was to be constructed. Walstrom v. Oliver-Watts Construction Co., 161 Ala. 608, 50 So. 46. There may be an acceptance, in a case of this character, of the building, the subject of contract, as a substantial compliance therewith though deficient in some details, or there may be a binding acceptance of the work and labor done at their true value, even though not in compliance with the plans and specifications according to which the contractor agreed to construct the building. Davis v. Badders, 95 Ala. 348, 10 So. 422. Evidence for defendants tended to show serious defects in the building here in question, and their refusal to pay without an abatement of the contract price on account of such defects. Evidence for plaintiff, on the other hand, tended to show substantial compliance and, whether so or not, an acceptance on the part of defendants with a promise to pay what the work and materials done and furnished by plaintiff's intestate were reasonably worth. If the jury adopted the last-named alternative, that is, found that plaintiff's intestate had failed to construct the building according to the plans and specifications which were to govern, but that, in effect, defendants had accepted the building and agreed to pay what it was worth, as they probably did, then, and in that event, it was necessary that plaintiff (if not defendants) furnish proof of such worth or value as a prerequisite to a verdict in her behalf, and, in view of that solution of the dispute between the parties, the charge would have been appropriate. But, as we have said in effect, there was evidence tending to support plaintiff's contention that the building was accepted as in substantial compliance with the contract, in which event proof of the value of labor and materials was not necessary. In that event plaintiff was entitled to recover the contract price. Of this last-stated alternative view of the case as it appeared in evidence, the fact of a contract to build according to plans and specifications being undenied, the charge here in question took no account, and for that reason error cannot be affirmed of its refusal.

■ Special pleas 3 to 6, both inclusive, alleged a right of recoupment for that plaintiff's intestate had failed to comply with his contract in that the building was defective in several respects. Plaintiff's replication 2 was to the effect in general that defendants had promised to pay after knowledge of the defects complained of. The general affirmative charge (numbered 1 on the margin of page 19) against a finding for plaintiff on her replication was refused without error. The argument for error is based upon the proposition that there was evidence going to show that defendants discovered substantial defects in the building after the alleged promise to pay. There was evidence to that effect; but there was also evidence to the contrary. Hence, the charge was properly refused.

Charges A and B, refused to defendants, were refused without error. This will appear upon consideration of what has been said on the subject of charge D.

■ Charge P was refused to defendants without reversible error. The complaint sought to establish a lien for a balance due under the contract between plaintiff's intestate and defendants. To that aspect of the case, stated in the complaint, the statement in writing filed in the office of the judge of probate was relevant and necessary. The jury found in favor of the lien claimed, and, notwithstanding the judgment for some rea-

son that does not appear failed to give effect to so much of the verdict as found in favor of the lien, the question of lien vel non was litigated between the parties and the court without error might refuse a charge which ignored that feature of the case.

■ The trial court allowed plaintiff's witness Strand Sims to testify that in constructing the building he followed the plans by which it was to be constructed and that, in his judgment, the building was not dangerous. Defendants contended that plaintiff's intestate had left the building in a dangerous condition. The witness had helped in the construction of the building and deposed that he had done that kind of work for something like twenty years. He was entitled to testify as an expert, perhaps not of the highest credit, but still an expert. City Council of Montgomery v. Gilmer, 33 Ala. 133, 70 Am. Dec. 562. Cross-examination would have developed the real value of his opinion. In Gulf Trading Co. v. Radcliff, 216 Ala. 645, 114 So. 308, cited by appellants, the testimony which this court said should have been excluded tended, or would have tended if competent, merely to prove an inference of one fact from another or from a congeries of facts. That inference was one for the jury to draw, not the witness. So likewise of Jones v. Ballard, 19 Ala. App. 460, 98 So. 40, as the court of appeals construed the record. That court, however, conceded that in many cases the question there under consideration might be properly allowed. We think this is one of the many.

Judgment affirmed.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.