187 So. 722

## MUNDY v. ALLISON.

### 7 Div. 530.

Supreme Court of Alabama.

March 30, 1939.

Merrill, Jones & Merrill, of Anniston, for appellant.

H. H. Evans and J. W. Hemphill, both of Anniston, for appellee.

BROWN, Justice.

The bill, filed by appellee, seeks to enforce a mechanic's and materialman's lien arising under § 8832 of the Code 1923.

The bill alleges that the material and work were furnished by the complainant, appellee here, 'in fulfilment of a contract made with the appellant, the owner of the building, to install in said building plumbing and fixtures, and the location and equipment of a septic tank on the premises of said owner. The answer of the respondent denied these averments and the complainant taking the affirmative of the issue had the burden of sustaining his averments by legal and competent evidence, reasonably satisfying the court of their truth. Foster v. Prince, 224 Ala. 523, 141 So. 248; Lunsford v. Empire Realty & Mortgage Co. 200 Ala. 202, 75 So. 960.

The evidence is without dispute that the complainant installed the plumbing and fixtures in the building, not including the bath tub, which according to complainant's testimony was to be furnished by the defendant owner, from another building, and that she was not able to furnish the same on account of some domestic trouble between defendant and her husband.

The evidence is also without dispute that the complainant had the water line and septic tank installed, except digging the ditches in which the pipes were laid. The complainant's testimony goes to show that defendant had the ditches dug in pursuance of an agreement with the complainant by which she was to be allowed $5, that she subsequently claimed $10 for this part of the work and complainant credited the contract price with the last named amount.

As to the existence of a contract or contracts for any part of the work the evidence offered by the complainant and the defendant is in direct conflict; that offered by the plaintiff going to show that the work was done under contracts entered into by the complainant and defendant; that the contract as to the water line and tank was subsequent to the other, that defendant performed her part of the contract in respect to the ditches and claimed credit therefor. The evidence offered by the defendant, on the other hand, goes to show that she made no contract with the complainant, that whatever contract was made with him related to the roughing in of the plumbing in the house, was made by the defendant's husband, not as her agent, but on his own responsibility.

The question presented is one of fact, and the result turns largely on the question of the credibility of the testimony heard ore tenus by the trial court who had an opportunity to observe the manner of the witnesses, and according to the conclusions of the trial court the weight of the verdict of a jury we are unable to affirm that the conclusions embodied on the decree are against the weight of the evidence. Higgins v. Higgins, 222 Ala. 44, 130 So. 677.

Assignments of error predicated on the rulings on demurrer are not insisted upon and are treated as waived.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.