59 So. 616

### WILSON v. WILLIAMS et al.
### 7 Div. 99.

Supreme Court of Alabama.

May 29, 1952.

Rehearing Denied June 26, 1952.

G. Ernest Jones, Jr., and Beddow & Jones, Birmingham, and Merrill, Merrill & Vardaman, Anniston, for appellant.

H. Herbert Evans and R. A. Norred, Anniston, for appellees.

STAKELY, Justice.

F. A. Williams and Edd M. Welch (appellees) filed their bill of complaint, in equity, against Mrs. Jerome Wilson (appellant), seeking to establish a statutory lien against certain real property owned by her and the improvements thereon pursuant to § 37, Title 33, Code of 1940, and also seeking a sale of the property in satisfaction of the lien. Mrs. Jerome Wilson answered the bill of complaint and made it a cross bill, seeking relief against F. A. Williams and Edd M. Welch in an amount claimed to be necessary to complete the house which they had contracted to build for her for and on account of their alleged failure and refusal to fulfill the contract according to its terms. The case was tried orally before the court upon the issues presented by the original bill of complaint and the answer and cross bill with the result that the court entered a decree against Mrs. Jerome Wilson in the amount of $2,690.05. This amount was made a lien upon the property in question and the property was ordered sold for the satisfaction of the lien unless the lien and the costs were satisfied by her within 10 days from the date of the decree.

According to the contractors the parties entered into an oral agreement whereby they were to construct a dwelling house for Mrs. Jerome Wilson at the contract price of $10,000, labor and material to be furnished by the contractors. The bid of the contractors was based upon plans and specifications furnished to them. After clearing away the wreckage of an old house and commencing on the excavation of the basement for the house to be built and after they had incurred an indebtedness in the amount of $4,000 and had spent $1,500 in cash on the construction of the house, Mrs. Jerome Wilson presented a set of plans and specifications and general agreement which differed in many respects from the one on which the contractors had based their bid. According to the contractors they reluctantly agreed to the foregoing change.

Tendencies of the evidence show that the house was finished and in first class condition in accordance with the contract and changes ordered by Mrs. Jerome Wilson, with the exception of three screen doors which she ordered them not to install, with the agreement that she would receive credit for their installation. There is testimony introduced by Mrs. Jerome Wilson tending to show numerous defects in the house as constructed, but there is also testimony tending to show either defects did not exist or that the construction was in accordance with the agreement between the parties. There is testimony tending to show that Mrs. Jerome Wilson has not moved into the house but there is also testimony tending to show that when the contractors finished the job they gave her a key for each outside door of the house.

The decree of the court was arrived at by taking the original contract price of $10,000 and deducting therefrom a credit of $1,009.95 for certain items to which the parties had agreed. A credit of $6,000 for the amount paid by Mrs. Jerome Wilson on the contract and "an allowance of $300 for correcting and completing the deficiencies on complainants' part in contract * * *." In effect the decree was a finding by the court that the contractors had substantially performed their part of the contract and that the deficiencies were such as could be corrected by an allowance to Mrs. Jerome Wilson of $300.

■ The question is therefore presented as to whether or not there must be a literal performance of the building contract or whether a substantial performance of such a contract will support a recovery on the contract where in effect the owner has accepted the building. The question of substantial performance should be determined in each case with reference to the existing facts and circumstances of the case. Substantial performance does not contemplate a full or exact performance in every slight or unimportant detail but performance of all imporant parts. Gray v. Wood, 220 Ala. 587, 127 So. 148; Alexander v. Smith, 3 Ala.App. 501, 57 So. 104.

■ The evidence is voluminous and is presented by the record in great detail which we need not set out. Caples v. Young, 206 Ala. 282, 89 So. 460. The testimony shows many conflicts. However it has been carefully considered and we think is ample to support the findings of the court, which we are unwilling to disturb since we cannot say that the findings of the court are palpably wrong. Sieben v. Torrey, 252 Ala. 675, 42 So.2d 621; Forest Hill Corporation v. Latter & Bium, 249 Ala. 23, 29 So.2d 298. The decree of the court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and BROWN and SIMPSON, JJ., concur.