79 So.2d 432

Rebecca S. MILES

v.

Millard J. MOORE.

5 Div. 588.

Supreme Court of Alabama.

April 7, 1955.

Henry C. Meader, Montgomery, and Jas. O. Davis, Jr., Auburn, for appellant.

L. J. Tyner, Opelika, for appellee.

LAWSON, Justice.

Millard J. Moore, an original contractor, filed his bill of complaint in the circuit court of Lee County, in equity, against Mrs. Rebecca S. Miles, seeking to establish a statutory lien against a lot owned by Mrs. Miles and the residence which Moore constructed thereon and also seeking a sale of the property in satisfaction of the lien. § 37 et seq., Title 33, Code 1940.

It appears from the bill and exhibits thereto that the lien was sought to secure "an indebtedness of Thirty-nine Hundred Sixty and 36/100 Dollars ($3960.36) with interest, from, to-wit: the 10th day of December, 1952 for balance due the undersigned Millard J. Moore for work and materials furnished and used by him as general contractor in the construction of a residence on the above described lot in the City of Auburn, Lee County, Alabama."

Mrs. Miles answered the bill denying that she was indebted to Moore in any amount. She made her answer a cross bill wherein she sought to recover from Moore the sum of $6,700. She averred that she was not given possession of the residence in accordance with the terms of her contract with Moore and claimed damages of $200 for the delay. She also claimed the sum of $1,500 which she averred it was necessary for her to expend in order to complete the house and correct defects therein. She further claimed the sum of $5,000 damages because of alleged depreciation in the value of the residence due to the alleged use of defective materials and because of the alleged unworkmanlike manner in which the residence was constructed.

The case was tried upon the issue presented by the original bill of complaint, the answer and cross bill of Mrs. Miles, and Moore's answer to the cross bill. The result of that trial was the rendition of a decree against Mrs. Miles in the amount of $3,860.36, with interest. This amount was made a lien upon the property in question

444

and it was ordered sold for the satisfaction of the lien unless the lien and costs were paid by Mrs. Miles within thirty days from the date of the decree. From that decree Mrs. Miles has appealed to this court.

There is no merit in assignments of error 7, 8, 9, 10, 11 and 12 for the following reasons: Each of those assignments is too general to warrant consideration here. Hall v. Pearce, 209 Ala. 397, 96 So. 608; Snellings v. Jones, 33 Ala.App. 301, 33 So.2d 371, certiorari denied 250 Ala. 89, 33 So.2d 273. The court reporter will set out those assignments of error in the report of the case. As to assignments of error 7, 9 and 11, we are unable to find on the pages of the transcript referred to in those assignments where the trial court overruled any objection interposed by counsel for respondent. As to assignments of error 8, 10 and 12, we call attention to the provisions of Act No. 101, approved June 8, 1943, General Acts 1943, p. 105, § 372(1), Title 7, Code 1940, 1953 Cum.Pocket Part, Vol. 2, p. 71. Under that law the trial court was not required to rule on the objections interposed by respondent's counsel, but was confined to consideration of such testimony before him as was relevant, material, competent and legal. Sansom v. Sturkie, 245 Ala. 514, 18 So.2d 267. See Redwine v. Jackson, 254 Ala. 564, 49 So.2d 115; LeMay v. LeMay, 205 Ala. 694, 89 So. 49. The course pursued by the trial court in failing to rule on objections interposed to evidence is in accord with the practice which prevails throughout this state in the trial of equity cases, which practice is in accordance with the provisions of law to which we have just referred above.

Moore averred in his bill that according to the terms of the original contract and the agreements supplemental thereto it was agreed that he was to construct the residence for the sum of $11,960.36; that Mrs. Miles had paid him only the sum of $8,000, leaving a balance due of $3,960.36, which she refused to pay although he, Moore, had "in all things performed his part of the contract according to the original written building contract with respondent and all written and oral amendments thereto."

As shown above, the trial court decreed that Mrs. Miles was indebted to Moore in the sum of $3,860.36, an amount $100 less than claimed by Moore. The reason for this difference appears in the following language which we quote from the decree of the trial court: " * * * that the balance due by the Respondent and Cross Complainant, Mrs. Rebecca S. Miles, to the Complainant and Cross Respondent, Millard J. Moore, under the contract as amended, for work and materials furnished under such contract as amended is $3960.36; that the Contractor, the Complainant and Cross Respondent, Millard J. Moore, acted in good faith in endeavoring to perform the contract and has substantially performed it; there being only a few minor or slight defects or omissions, and the Court is of the opinion that the Respondent and Cross Complainant, Mrs. Rebecca S. Miles, is entitled to a credit in the sum of One Hundred and no/100 Dollars ($100.00) for such minor and slight defects or omissions."

Appellant argues that the trial court was in error in awarding Moore any recovery for the following reasons:

"(1) Appellee is not entitled to recover as for a substantial performance for the reason that the evidence establishes beyond a shadow of doubt that his lack of complete performance was willful, intentional or, at the very best, due to gross carelessness, and upon such a showing recovery may not be had for a substantial performance; (2) Appellee did not count on a substantial performance, but averred a complete performance, and can therefore recover only on proof of complete performance."

As to the first ground asserted above, we are constrained to state, after a careful and painstaking reading of this record, that the evidence falls far short of showing that "the very minor or slight defects or omissions" which the trial court found to have existed resulted from any willful, intentional or grossly negligent act

on the part of Moore. On the other hand, we are in accord with the finding of the trial court that the appellee, Millard J. Moore, acted in good faith in endeavoring to perform the contract and that the said defects or omissions were such as are generally found upon the completion of any building.

We cannot agree with appellant's second contention as quoted above. In the recent case of Wilson v. Williams, 257 Ala. 445, 446–447, 59 So.2d 616, 617, we said:

"The decree of the court was arrived at by taking the original contract price of $10,000 and deducting therefrom a credit of $1,009.95 for certain items to which the parties had agreed. A credit of $6,000 for the amount paid by Mrs. Jerome Wilson on the contract and 'an allowance of $300 for correcting and completing the deficiencies on complainants' part in contract * * *.' In effect the decree was a finding by the court that the contractors had substantially performed their part of the contract and that the deficiencies were such as could be corrected by an allowance to Mrs. Jerome Wilson of $300.

"The question is therefore presented as to whether or not there must be a literal performance of the building contract or whether a substantial performance of such a contract will support a recovery on the contract where in effect the owner has accepted the building. The question of substantial performance should be determined in each case with reference to the existing facts and circumstances of the case. Substantial performance does not contemplate a full or exact performance in every slight or unimportant detail but performance of all important parts. Gray v. Wood, 220 Ala. 587, 127 So. 148; Alexander v. Smith, 3 Ala.App. 501, 57 So. 104."

An examination of the original record in the case of Wilson v. Williams, supra, discloses that the contractors alleged complete performance and yet we upheld the recovery in their favor on a finding of substantial performance. The action of Mrs. Miles in entering the residence and occupying it before Moore had turned it over to her was in effect an acceptance of the building. We hold that where a contract is substantially performed by one party and the benefits thereof retained by the other, recovery may be had in an action of this kind on an averment of full or complete performance, although the proof shows only a substantial performance. Substantial performance does not contemplate a full or exact performance of every slight or unimportant detail, but performance of all important parts. Wilson v. Williams, supra.

The other questions argued by counsel for appellant with so much earnestness and feeling all relate to the trial court's findings of fact. The evidence is presented by the record in great detail. The testimony shows many conflicts. We are not willing to burden this opinion with a detailed recitation of the evidence and its conflicting tendencies. The correctness of the findings of fact made by the trial court rests largely on the question of the credibility of the testimony, which was heard ore tenus by the trial court, who thereby had an opportunity to observe the manner of the witnesses. According the conclusion of the trial court the weight of a verdict of a jury, we are unwilling to disturb those findings, since we cannot say that they are palpably wrong. Wilson v. Williams, supra; Mundy v. Allison, 237 Ala. 535, 187 So. 722; see Farmer v. Johns-McBride Engineering Service, 256 Ala. 335, 54 So.2d 708. Moreover, the trial court in accordance with permissible practice, at the request of counsel for the appellant, made a personal inspection of the property before making its findings of fact and hence there is this additional reason why the decree is reviewed here as if it were a verdict of a jury. McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160, and cases cited.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.