Mac Pon Company, Inc. (Mac Pon), entered into a contract with New Pilgrim Baptist Church (Pilgrim Church), to construct a new church building. It was agreed that the work would be done in conformity with plans drawn by George Hunter, a registered architect. These plans initially required that regular uncolored concrete blocks would be used in the construction and that the blocks would later be painted. However, Pilgrim Church and Mac Pon orally agreed that tinted blocks should be used rather than the standard uncolored type of blocks. Tinted blocks were decided upon in order to achieve the desired wall color and to eliminate the need to paint.
Accordingly, Mac Pon placed an order with Jim Fletcher Manufacturer's Agent, Inc. (Fletcher, Inc.), for a shipment of "buff colored fluted block ET4." This same type of block was used in the construction of a local K-Mart building and that building was used as an example prior to the selection of the block by Pilgrim Church.
Since Fletcher, Inc. did not manufacture this type of block, it placed an order with Best Concrete Products Company, Inc. (Best, Inc.). Best, Inc., agreed to manufacture the blocks and to deliver the order directly to the job site. Although Best, Inc., eventually delivered all of the blocks as agreed, Pilgrim Church decided against the color of the first shipment. Upon the church's request, Best, Inc., replaced that shipment with a "more yellowish" color of block.
After all of these blocks had been incorporated into the building, Mac Pon and Pilgrim Church became convinced that some of the blocks were of a color different from the balance of the church structure. Following several attempts to add additional pigment and shading, the decision was made to paint the entire surface of the building. Mac Pon contracted with Vinsant Painting and Decorating Company (Vinsant Painting), to do this painting. Although Vinsant Painting completed the work, Mac Pon refused to pay the $7,700 contract price, claiming that the painting had not achieved a uniform color.
Upon Mac Pon's refusal to pay, Vinsant Painting brought an action against Mac Pon and Pilgrim Church for breach of contract. Vinsant Painting later amended its complaint by joining Dependable Insurance Company (Dependable), and Heritage Insurance Company of America (Heritage), as the bonding companies acting as sureties for Mac Pon.
Mac Pon, Pilgrim Church, Dependable, and Heritage denied the allegations of Vinsant Painting in their answers, with Mac Pon and Pilgrim Church counterclaiming that Vinsant's negligence prevented the painting from being completed in a workmanlike manner. Mac Pon was also allowed to file a third-party complaint against Fletcher, Inc., for breach of contract and warranty. In turn, Fletcher, Inc., was allowed to file a third-party complaint against Best, Inc., also for breach of contract and warranty.
The above issues having been joined, the case proceeded to oral hearing before the trial judge. The trial judge found that Vinsant Painting was entitled to recover the contract price from Mac Pon, Dependable, and Heritage; that the claim of Vinsant Painting against Pilgrim Church should be denied; that the counterclaims of Mac Pon and Pilgrim Church against Vinsant Painting should be denied; that the third-party claim of Mac Pon against *Page 218 
Fletcher, Inc., should be denied; and that the third-party claim of Fletcher, Inc., against Best, Inc., should be denied.
Appeals are brought by Mac Pon, Dependable, and Heritage (all three hereinafter referred to as Mac Pon) and Fletcher, Inc. These appeals are based upon a trial record which was assembled from the memories and notes of counsel in accordance with Rule 10 (d) of the Alabama Rules of Appellate Procedure.
Appellant Mac Pon spends considerable time in brief contending that the ore tenus rule of review should not be used in this case to uphold the trial court.
The correct rule was stated in First Alabama Bank v. Coker,408 So.2d 510 (Ala. 1982), to the effect that:
 "It is the policy of this Court to presume correct the findings of the trial court based upon competent evidence, when the evidence is presented ore tenus. Such findings will not be disturbed on appeal if supported by the evidence or any reasonable inference therefrom, unless they are plainly and palpably erroneous and manifestly unjust."
We thus construe Mac Pons' argument to be that the conclusions reached by the trial court are either unsupported by the evidence, plainly erroneous, or manifestly unjust. Accordingly, we look to the evidence to determine if this contention is correct.
In the breach of contract action brought by Appellee Vinsant Painting against Appellant Mac Pon, evidence was presented, from both sides, that there was an agreement between these parties which specified that Vinsant Painting would apply one coat of clear silicone sealer and one coat of latex paint in order to produce a uniform color on the block walls of the church. However, the evidence was in conflict as to whether this agreement had been "substantially performed."
Substantial performance of a contract does not contemplate exact performance of every detail but performance of all important parts. Whether there has been substantial performance is to be determined in each case with reference to the facts and circumstances of the case. See, Wilson v. Williams,257 Ala. 445, 59 So.2d 616 (1952).
The facts which were offered by Vinsant Painting in support of its contention that it had "substantially performed" consisted, in part, of the following testimony. Ky Vinsant, sales manager for Vinsant Painting, stated that he had advised Mac Pon against using one coat of silicone with only one coat of paint, but that Mac Pon insisted on that particular combination. Mr. Vinsant also defined "uniform color" as "all the same color" and he further stated that a "uniform color" was achieved, even though there were different shades of the same color due to the differences in porosity of the individual blocks. Ken Goolsby, the painter who did the work for Vinsant Painting, testified that "everyone at the church loved the paint job." Mr. Goolsby stated that a uniform color was achieved and that he had performed the work exactly as specified by Vinsant Painting. Mr. Weidner, an employee of Glidden Paint Co. for nineteen years, stated that the application of one coat of silicone under one coat of paint would cause the paint to be absorbed into the block and would result in a "uniform color" consisting of different shades.
Although Mac Pon did present testimony contrary to the above, i.e., testimony that the painting was inadequately performed and not of a uniform color, we cannot say that the evidence offered by Vinsant Painting failed to support the judgment against Mac Pon for breach of contract. Neither can we hold that the trial judge's findings are plainly erroneous or manifestly unjust.
By affirming the breach of contract judgment against Mac Pon, we also dispense with Mac Pon's appeal concerning the denial of its counterclaim against Vinsant Painting. A finding that Vinsant Painting adequately complied with the requirements of the painting contract is a finding that Mac Pon's counterclaim is without merit.
In Appellant Mac Pon's third-party claim against Appellee Fletcher, Inc., Mac *Page 219 
Pon asserted that the church building had to be painted because Fletcher, Inc., breached both contract and warranty by failing to supply tinted blocks which were all of the same type and color. However, evidence presented at the trial indicated exact compliance with the contract terms. That is, Fletcher, Inc., had ordered and Best, Inc., had supplied the specific type and color of block which Pilgrim Church and its architect ultimately selected. The evidence further showed, through the testimony of Braxton Collins, the former president of Best, Inc., that different "shades" will exist within any order of block, even though that order consists of only one type and color of tinted block. Mr. Collins stated that there was no warranty on the "shade" of the blocks because the variations in shade were an inherent result of the manufacturing process.
There was also testimony that the completed walls did not contain any unacceptable color variation and that any differences in color which did exist were merely the "shade" variations inherent in the tinted type of block. Robert Collins, the chairman of Pilgrim Church's building committee, stated that he did not notice any shading or color problem with the blocks and that he did not know why the building was painted. Ky Vinsant, Vinsant Painting's sales estimator, stated that he saw no problem with the blocks and that he thought the building was "beautiful." Ken Goolsby, the painter hired by Vinsant Painting, testified that although he noticed some shade variations, the blocks did not need painting and that their color was uniform throughout. John Golightly, president of a company that had manufactured tinted blocks for five years, testified that he had looked over the "biggest side" of the church building and that there were no variations in "shade" among the blocks.
The reason liability is assessed for breach of warranty, whether the warranty be express or implied, is that goods have failed to conform to requirements imposed by the warranty. However, we view the testimony set forth above as "credible evidence" that the tinted blocks supplied by Appellee Fletcher, Inc., did indeed comply with all warranty requirements. The blocks conformed to the descriptions and affirmations made by Fletcher, Inc., and were fit for the use and purpose for which they were sold. See, Code 1975, §§ 7-2-313, -314, -315, and -714.
In addition, the evidence indicates there were reasons other than the color of the tinted blocks which could have led to the decision to paint the church. The record reveals that a portion of the building was constructed out of the standard gray concrete blocks which the architect's plans had called for. There was also testimony from Mr. Goolsby and Mr. Golightly that black spots of roofing tar could be seen on the tinted blocks.
Considering all the aforementioned facts, we find that the denial of Mac Pon's third-party claim was based on competent evidence and was neither plainly erroneous nor manifestly unjust.
We also uphold the trial judge's denial of Appellant Fletcher, Inc.'s third-party claim against Appellee Best. Under Rule 14 (a) of the Alabama Rules of Civil Procedure, Fletcher, Inc.'s third-party claim against Best, Inc., was based on Mac Pon's third-party claim against Fletcher, Inc. After denying Mac Pon's claim, the trial judge was correct in denying the claim made by Fletcher, Inc.
The judgment is therefore affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, JONES, SHORES, EMBRY and BEATTY, JJ., concur.
ADAMS, J., recuses himself. *Page 220