RUSSELL, Judge.
In June 1988 International Enterprises (International) filed a complaint in the District Court of Talladega County against Johnny Lee Garrison, d/b/a Southeastern Machine Company, alleging breach of contract. The district court entered a judgment for Garrison, and International thereafter appealed to the circuit court for a trial de novo.
Following an ore tenus proceeding, the circuit court entered an order dated August 23, 1990, finding the issues in favor of International and allowing International to recover from Garrison, as damages flowing from the breach of contract, the amount of $4,753. From the judgment of the circuit court, Garrison appeals. We affirm.
The record reveals the following relevant facts: In May 1986 International issued to Garrison a purchase order for six aircraft parts. International sought to procure these parts from Garrison and to supply them to the United States Air Force under the terms of a separate contract that International had with the Federal Government. In consideration for Garrison’s agreement to make the parts, International agreed to pay Garrison $3,390. Along with the purchase order, International provided Garrison with plans and government specifications detailing the work to be done on the parts.
After beginning work on the parts, Garrison spoke on the telephone to International’s quality control manager, Bob Ware, and asked Ware if the parts could be made from a metal different from the kind specified in the plans included with the purchase order. A substitute metal was used, and the parts were completed and delivered to International, whereupon International paid Garrison under the contract. International subsequently contacted Garrison and told him that the parts had been rejected by the Government because they were made with an improper metal of inadequate hardness. When Garrison refused to remake the parts, International requested and was denied a refund. Thereafter, International contracted with another company to make the parts that were ultimately submitted to the Government.
The essence of the issues presented by Garrison on appeal relates to the factual question of whether he manufactured the parts as he was asked to by International. *86 In considering this question, we keep in mind that the testimony was heard by the trial judge sitting as the trier of fact. In such a case, his judgment must be presumed correct and may not be disturbed by this court if supported by the evidence and the reasonable inferences to be drawn from it. Mac Pon Co. v. Vinsant Painting & Decorating Co., 423 So.2d 216 (Ala.1982).
Garrison contends that the telephone conversation between him and Ware, in which Ware approved Garrison’s use of an alternative metal in making the parts, and a subsequent conversation with Ware, wherein Ware approved the new metal chosen by Garrison, constituted oral agreements modifying the original contract between Garrison and International. Thus, Garrison argues, he performed according to the terms of his contract with International and should not have been found liable for breach.
At trial Ware conceded that he had approved Garrison’s use of a different metal; however, Ware also testified that he had informed Garrison that a new metal could be used only if its hardness was equal to, or greater than, the metal called for in the contract specifications. International contends that because Garrison manufactured the parts with a metal of inferior hardness, Garrison failed to comply with the terms of the modified contract.
It is well settled that a presumption of correctness attaches to a trial court’s finding based upon competent evidence presented ore tenus, Chaffin v. Hall, 439 So.2d 67 (Ala.1983), and the court’s judgment will not be disturbed unless clearly erroneous and manifestly unjust. Alabama Farm Bureau Mut. Cas. Ins. Co. v. Moore, 435 So.2d 712 (Ala.1983).
Our examination of the record reveals sufficient evidence to sustain the finding of the trial court. Not only was there testimony from Ware that International’s approval of Garrison’s use of a new metal was conditioned on the metal having a hardness equal to or greater than that of the originally specified metal, but there is testimony to this effect from Garrison himself. In reference to his phone conversation with Ware concerning an alternative metal, Garrison testified as follows:
“He [Ware] says, ‘Can you make them out of solid material?’ I said yes, sir, I guess so. He said—he did say that if you get a good or better material, we can go with it.”
Further, Ware testified that because International was not able to test the hardness of the metal used in the parts, it was forced to rely on Garrison’s representations. Garrison himself testified that he called Ware and told him that the new metal he had procured was “a better material.” The evidence is undisputed that the metal Garrison used in making the parts was of inferior hardness to the metal specified in the contract. In view of this, and in light of the attendant legal principles, we find there to be ample evidence supporting the trial court’s finding of breach of contract.
We note here that, on appeal, Garrison alleges for the first time that International’s initial acceptance of and payment for the parts, and its subsequent submittal of the parts to the Government, constituted a waiver relieving Garrison from his contractual liability. Rule 8(c), Alabama Rules of Civil Procedure, requires that the affirmative defense of waiver be specially pleaded. The record shows that Garrison did not raise waiver in his responsive pleadings, nor did he raise it with particularity in the trial court. This court will not consider a theory or issue where it was not pleaded or raised in the trial court. Smiths Water Authority v. City of Phenix City, 436 So.2d 827 (Ala.1983).
Contrary to Garrison’s contentions, we find the evidence to be more than sufficient to support the trial court’s judgment. The judgment must stand.
AFFIRMED.
THIGPEN, J., concurs.
ROBERTSON, P.J., not sitting, pursuant to § 12-1-12, Ala.Code 1975.